1240

IN RE DISQUALIFICATION OF O'GRADY.

THE STATE OF OHIO v. FERGUSON ET AL.

[Cite as *In re Disqualification of O'Grady* (1996), 77 Ohio St.3d 1240.]

(No. 96–AP–024—Decided February 29, 1996.)

MOYER, C.J.  This affidavit of disqualification was filed by Patrick M. McLaughlin, counsel for plaintiff, seeking the disqualification of Judge James J. O'Grady from further proceedings in the above-captioned cases.

Pending before Judge O'Grady are five cases in which Thomas E. Ferguson, the former Auditor of State, and former employees of the Auditor of State are charged with multiple counts of theft in office and solicitation of campaign contributions from classified state employees.  The charges arise from an indictment returned by a special grand jury.  Affiant is the independent special counsel and assistant prosecuting attorney appointed by the Attorney General and the Franklin County Prosecuting Attorney to investigate and prosecute these charges.

Affiant claims that Judge O'Grady should be disqualified from the above-captioned cases based on matters that occurred at a pretrial hearing held on October 30 through November 1, 1995.  Affiant asserts that Judge O'Grady made several derogatory comments regarding the grand jury system, questioned the special grand jury's failure to indict an individual alleged to have engaged in conduct similar to that of the co-defendants, threatened to incarcerate affiant if he did not provide a grand jury transcript requested by the judge, disclosed the name of a grand jury witness on the record, and questioned the accuracy of a proffer of testimony made by affiant.  According to affiant, these actions demonstrate a bias and prejudice on the part of Judge O'Grady and create an appearance of impropriety that mandates his disqualification from these cases.

At the outset, I note that although affiant's claim of bias and prejudice arises exclusively from matters that occurred at the October 30 through November 1, 1995 pretrial hearing, the affidavit was not filed until February 20, 1996, which was less than two weeks before the March 4, 1996 trial.  This trial date was

established in consultation with all parties at the conclusion of the November 1, 1995 hearing. To support his claim of bias and prejudice, affiant required a transcript of the October 30 through November 1 hearing, which he ordered at the conclusion of the hearing and received "on or about the first of the new year." (Affidavit of Patrick M. McLaughlin, at pages 3–4.)

An affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias and prejudice occurred or affiant becomes aware of circumstances that support disqualification. A party may be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time. *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298; see, also, *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. As noted above, affiant was aware of the grounds for seeking Judge O'Grady's disqualification as early as November 1995, and he could have filed the affidavit well in advance of the March 4, 1996 trial date. Although I cannot conclude, under these circumstances and on this record, that affiant's delay in filing this affidavit constitutes a waiver of the alleged grounds for disqualification, parties and their counsel are reminded of their obligation to raise issues of bias, prejudice, or other disqualifying interest at the earliest possible time so as to avoid unnecessary delays in proceedings and inconvenience to jurors, witnesses, judges, attorneys, and other individuals involved in legal proceedings.

As to the specific claims of bias and prejudice, I cannot conclude that the comments made by Judge O'Grady regarding the grand jury process in general or the failure of this grand jury to indict another individual are indicative of a bias or prejudice that mandates Judge O'Grady's disqualification from this case. Later portions of the transcript demonstrate the judge's extensive experience with the grand jury process and his comments, although inappropriate under the circumstances, reflect his general views of the need for reform in this area, without reflecting specifically or adversely on the efforts of the grand jury or the special counsel in this case. Moreover, Judge O'Grady's comment regarding the failure of the grand jury to indict another individual referenced in the indictment does not demonstrate a bias or prejudice, particularly in view of his subsequent ruling on the defendants' motions pertaining to selective prosecution.

The reference to a grand jury witness on the record is not evidence of bias or prejudice, where similar references are made by all parties throughout the proceeding and, in particular, where affiant later proffers testimony from this and other witnesses on the record. The remaining allegations pertaining to the accuracy of the state's proffer of testimony and the threat of incarceration for failing to provide a grand jury transcript requested by the judge represent

differences of opinion between the judge and counsel that are not uncommon in trial court proceedings. After reviewing the relevant portions of the record, I cannot conclude that these exchanges demonstrate bias or prejudice on the part of Judge O'Grady.

For the foregoing reasons, I conclude that affiant has failed to establish a bias, prejudice, or other interest that requires the disqualification of Judge O'Grady from these proceedings. Accordingly, the affidavit is found not well taken and is denied. The cases shall proceed before Judge O'Grady.