[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1224.]

IN RE DISQUALIFICATION OF KONTOS.

THE STATE OF OHIO *v*. GREEN.

[Cite as *In re Disqualification of Kontos*, 2001-Ohio-4097.]

*Judges—Affidavit of disqualification—Affidavit of disqualification not timely filed.*

(No. 01-AP-020—Decided March 6, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Trumbull County Court of Common Pleas case No. 00CR574.

_____

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Gregory Robey, co-counsel for defendant, seeks the disqualification of Judge Peter Kontos from further proceedings regarding the above-captioned case, *State v. Benjamin Green*.

{¶ 2} This affidavit of disqualification was filed on March 2, 2001, which is the same day that a hearing was scheduled by Judge Kontos to consider the defendant's motion to suppress. R.C. 2701.03(B)(4) requires that an affidavit of disqualification be filed no later than seven days prior to the next scheduled hearing in the underlying case. This statutory requirement will be set aside only in circumstances where affiant can establish that compliance with the provision is impossible. See *In re Disqualification of Leskovyansky* (1999), 88 Ohio St.3d 1210, 723 N.E.2d 1099.

{¶ 3} Here, affiant claims that it was impossible to file the affidavit at least seven days prior to the hearing scheduled for March 2, 2001, because it was not apparent until March 1, 2001, "that the potential conflict of interest cited in the affidavit could not be resolved at the trial court level." In support of this claim, affiant notes that co-counsel made three separate recusal requests of Judge Kontos,

including a motion to recuse that was filed three days before the scheduled hearing and that was denied the day before the hearing.

{¶ 4} Counsel and parties to pending cases are encouraged to resolve potential disqualification requests prior to invoking the formal procedures set forth in Section 5(C), Article IV of the Ohio Constitution and R.C. 2701.03. However, any attempt to obtain the recusal of a judge must be made in consideration of the seven-day requirement established by the General Assembly for timely filing an affidavit of disqualification. Affiant does not demonstrate facts to show that it was impossible to comply with the statutory filing requirement. Rather, the record before me indicates that affiant and his co-counsel had sufficient opportunity to file an affidavit of disqualification in a timely manner and instead chose to file a recusal motion with the trial judge three days before the March 2, 2001 hearing.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Kontos.

_____