IN RE DISQUALIFICATION OF CELEBREZZE.

CARLSON-MILLER *v.* MILLER.

[Cite as *In re Disqualification of Celebrezze,*
101 Ohio St.3d 1224, 2003-Ohio-7352.]

(No. 03–AP–079—Decided September 22, 2003.)

---

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Jacob Kronenberg, counsel for defendant, seeking the disqualification of Judge James Celebrezze from further proceedings in the above-captioned case.

{¶ 2} This is the fourteenth in a series of affidavits filed since 1992 by Jacob or Janet Kronenberg seeking the disqualification of Judge James P. Celebrezze from pending domestic relations matters. In 1996, I disqualified Judge Celebrezze from all pending and future cases in which the Kronenbergs were or are counsel of record. At that time, I considered the judge's disqualification to be warranted to avoid the appearance of impropriety based on the fact that Mr. Kronenberg had been involved in grievance proceedings against Judge Celebrezze in 1992 and because Ms. Kronenberg had been an opponent of Judge Celebrezze in the 1996 primary election. *In re Disqualification of Celebrezze* (Apr. 26, 1996), No. 96–AP–050. In the entry, affiants and litigants were cautioned against misusing the order, and I indicated that the order would be subject to review and modification where necessary to prevent its abuse.

{¶ 3} The 1996 order has remained in effect, without significant modification, and has formed the basis for Judge Celebrezze's voluntary recusal from cases or subsequent disqualification. See, e.g., *In re Disqualification of Celebrezze* (Mar. 8, 2002), No. 02–AP–024. In one instance, I declined affiant's request to disqualify Judge Celebrezze from the case of *Chokel v. Chokel* based on the fact that, prior to the affiant's involvement in the case, Judge Celebrezze had participated in lengthy proceedings in a domestic relations matter that had been characterized by the court of appeals as "complex." *In re Disqualification of Celebrezze* (2001), 94 Ohio St.3d 1228, 763 N.E.2d 598.

{¶ 4} The pending affidavit of disqualification involves a domestic relations case filed in February 2003. The defendant previously was represented by two different attorneys, both of whom withdrew from representation voluntarily or because of a conflict of interest. The defendant avers that, following the withdrawal of his second attorney, he consulted three individuals, all of whom referred the defendant to affiant. After being retained in this matter, affiant entered his initial appearance in August, requested Judge Celebrezze's recusal pursuant to the 1996 and subsequent orders, and eventually filed this affidavit.

{¶ 5} Having reviewed the pending matter and considered the original bases for Judge Celebrezze's disqualification, I have concluded that it is appropriate to terminate the applicability of the 1996 and subsequent orders of disqualification. Given the nature and duration of the prior disqualification orders, I do not take this action lightly. However, several circumstances have changed since the 1996 order that justify this action.

{¶ 6} As noted previously, the 1996 disqualification order was rooted in affiant's participation in grievance proceedings against Judge Celebrezze and his sister's opposing candidacy in the 1996 primary election. At no time have I found the existence of actual bias or prejudice on the part of Judge Celebrezze. Rather, I found that there existed a perception of impropriety or conflict should the judge participate in proceedings involving affiant or his sister and concluded that disqualification was warranted to address this perception. Eleven and seven years have elapsed since the events referenced in that entry. In my view, the passage of a significant amount of time has diminished, if not eliminated, this perception.

{¶ 7} Of greater significance is Judge Celebrezze's participation in a recent case in which affiant represented a party. As noted above, I declined to disqualify Judge Celebrezze from the case of *Chokel v. Chokel* because of the unique circumstances presented by that case. In the instant action, affiant makes no allegation and provides no evidence of bias or prejudice on the part of Judge Celebrezze in reference to his participation in the *Chokel* case. In the absence of such allegations or evidence, and applying the presumption of impar-

tiality that is accorded all judges, I must conclude that the judge presided fairly and impartially over those proceedings. The fact that Judge Celebrezze presided over the *Chokel* case without allegations of bias or prejudice is further evidence that it is appropriate to revisit and revise the 1996 disqualification order.

{¶ 8} For these reasons, I withdraw my 1996 order of disqualification and subsequent orders that require the transfer of cases involving affiant or his sister from Judge Celebrezze's docket. Judge Celebrezze may continue to preside over the underlying matter and other cases in which affiant or his sister and their law firms are counsel of record. Although this decision nullifies the effect of prior disqualification orders, it alters neither Judge Celebrezze's obligation under the Code of Judicial Conduct to recuse himself from cases where he believes he cannot be fair or impartial, nor the ability of counsel or parties to invoke the constitutional and statutory procedures for seeking the disqualification of a judge where there is evidence to support allegations of bias, prejudice, or other disqualifying interest.

{¶ 9} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Celebrezze.