IN RE DISQUALIFICATION OF SQUIRE.

SNOW *v.* SNOW.

[Cite as *In re Disqualification of Squire,*
101 Ohio St.3d 1226, 2003-Ohio-7355.]

(No. 03–AP–108—Decided December 19, 2003.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Eric Nordman, counsel for defendant Sheri Snow, seeking the disqualification of Judge Carole Squire from further proceedings in the above captioned case.

{¶ 2} The primary basis for affiant's disqualification request is an allegation that his client filed a disciplinary complaint against Judge Squire on November 19 or 20, 2003. On November 24, 2003, affiant filed a motion with the trial court, seeking Judge Squire's disqualification and then filed this affidavit one week later, on December 1, 2003, which is the same day as the scheduled hearing in this matter.

{¶ 3} R.C. 2701.03 provides that an affidavit of disqualification must be filed at least seven days prior to the next scheduled hearing in the pending case. I have held that the seven-day filing requirement established by the General Assembly can be set aside where affiant alleges circumstances that demonstrate that compliance with the requirement was impossible. *In re Disqualification of Leskovyansky* (1999), 88 Ohio St.3d 1210, 723 N.E.2d 1099, citing *Household Consumer Discount Co. v. Pokorny* (1978), 60 Ohio App.2d 253, 256–258, 14 O.O.3d 232, 396 N.E.2d 803. The most common claim of impossibility relates to instances of alleged bias or prejudice that arise fewer than seven days prior to the date of the scheduled hearing.

{¶ 4} In this matter, the affidavit of disqualification and accompanying documents in this case suggest that affiant was aware of the primary basis for the disqualification request (i.e., the disciplinary complaint filed by his client) as early as November 19, 2003. Yet affiant did not file his recusal motion with the trial court until November 24 and waited seven additional days, and the day of the scheduled hearing, to file his affidavit of disqualification.

{¶ 5} These facts are nearly identical to those presented by *In re Disqualification of Kontos* (2001), 94 Ohio St.3d 1224, 763 N.E.2d 595. In *Kontos,* affiant had requested the judge's recusal on three separate occasions and was aware of the judge's intention to deny the requests and remain on the case. Affiant filed an affidavit of disqualification one day prior to the hearing and claimed that he could not comply with the statutory filing requirement because it was not apparent until one day prior to the hearing that the affiant and judge could not resolve the alleged conflict of interest. Although *Kontos* encourages the resolution of potential disqualification requests prior to invoking the affidavit-of-disqualification procedure, the decision notes that these attempts must be made in consideration of the statutory filing deadline established by the General Assembly.

{¶ 6} Like the affiant in *Kontos,* affiant here had ample opportunity to file a timely affidavit of disqualification as evidenced by his filing of a recusal motion in the trial court one week prior to the scheduled hearing. His decision to wait another week before filing an affidavit of disqualification on the day of trial was not warranted based on the facts presented.

{¶ 7} For these reasons, the affidavit of disqualification was not timely filed and is denied. The case shall proceed before Judge Squire.