JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Plaintiffs-appellants, L.A.D.S. Development Co. and Anthony Whitmore, appeal from common pleas court orders (1) granting summary judgment in favor of defendant-appellee Dominion Gas Company, (2) granting judgment to defendants-appellees Donald and Addie McCrary following a jury trial, and (3) denying appellants' motion for judgment notwithstanding the verdict or for a new trial. They raise five assignments of error which we quote here in their entirety:
 First Assignment of Error
 THE ASSIGNED JUDGE HOLLIE L GALLAGHER ERRED IN GRANTING A MOTION IN LIMINE, CONTRARY TO LAW AND VIOLATED THE FAIRNESS AND INTEGRITY OF THE TRIAL PROCESS.
 Second Assignment of Error
 THE VISITING TRIAL JUDGE JAMES D. SWEENEY ABUSED HIS DISCRETION BY INTEMPERATE COMMENT, DENIAL OF PROPER CROSS-EXAMINATION OF WITNESSES, REFUSED TO ALLOW TESTIMONY PROVIDING PHOTOGRAPHIC PROOF OF DEFENDANT McCRARY'S FALSE TESTIMONY, REFUSED TO ALLOW THE TESTIMONY OF PLAINTIFF/APPELLANTS' WITNESSES BILL BELOMA, LARRY JONES, DOMINION EMPLOYEES AS FACT WITNESSES OR OTHERWISE AND/OR WRONGFULLY DENIED PLAINTIFF/APPELLANTS' REQUEST FOR DECLARATION OF MISTRIAL.
 THE ASSIGNED JUDGE HOLLIE GALLAGHER ABUSED HER DISCRETION INCLUDING GRANTING SUMMARY JUDGMENT FOR DEFENDANT DOMINION STATING THAT AN EASEMENT EXISTED WHEN NONE WAS IN EVIDENCE, DETERMINED THAT THERE WAS NO TRESPASS BY DOMINION BECAUSE THEY HAD "NEVER DUG ON PLAINTIFFS' PROPERTY" CONTRARY TO PHOTOGRAPHIC EVIDENCE PRESENTED TO HER, PROHIBITED THE TESTIMONY OF DOMINION EMPLOYEES AND/OR DOMINION *Page 5 EMPLOYEE FACT WITNESSES AND/OR REFUSED TO EVEN WAIT FOR THE TRANSCRIPT OF THE DEPOSITIONS TO BE FILED OR [SIC] GRANTING SUMMARY JUDGMENT FOR THE DEFENDANTS.
 THE ASSIGNED JUDGE HOLLIE L. GALLAGHER ABUSED HER DISCRETION BY DENIAL OF THE JUDICIAL NOTICE REQUEST BY PLAINTIFF/APPELLANT, AND FURTHER DENIAL OF SANCTIONS TO PLAINTIFF/APPELLANTS, FOR DEFENDANT DANIELS FOR FAILURE TO MAKE PAYMENT OF SETTLEMENT AS AGREED AND/OR IN TIMELY FASHION AND BY THE DENIAL OF SUMMARY JUDGMENT PRAYED FOR BY PLAINTIFF/APPELLANTS.
 Third Assignment of Error
 THE VISITING TRIAL JUDGE JAMES D. SWEENEY ERRED IN OVERRULING THE PLAINTIFF/APPELLANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND/OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL STATING "HOWEVER PLAINTIFFS DO NOT SITE [SIC] ANY PORTION OF THE TRANSCRIPT, AND THERE IS NO INDICATION IN THE APPLICABLE MOTION THAT EITHER PLAINTIFF OBJECTED TO THIS JURY INSTRUCTION AT TRIAL" IN ERROR AND CONTRARY TO THE RECORD. THE VISITING TRIAL JUDGE JAMES D. SWEENEY ABUSED HIS DISCRETION IN FINDING THAT "AS THE PLAINTIFFS FAILED TO OBJECT THIS CLAIMED ERROR LACKS MERIT."
 Fourth Assignment of Error
 THE VISITING JUDGE JAMES D. SWEENEY ERRED IN FAILING TO ALLOW THE CROSS-EXAMINATION OF DONALD McCRARY ON HIS PRIOR FELONY CONVICTION FOR A CRIME OF MORAL TURPITUDE (SEE ATTACHED EXHIBIT "K").
 Fifth Assignment of Error
 THE VISITING TRIAL JUDGE JAMES D. SWEENEY ERRED IN REFUSING TO ALLOW THE NEGLIGENCE PER SE JURY INSTRUCTION CONTRARY TO LAW AND RULE. *Page 6 
 {¶ 2} We find the trial court erred by instructing the jury on easements by necessity, and abused its discretion by denying appellants' motion for a new trial was based on the erroneous instruction. Therefore, we will reverse and remand for a new trial on appellants' claim against Donald McCrary. However, we affirm the judgments in favor of Dominion and Addie McCrary.
Procedural History
 {¶ 3} Appellants filed their complaint on April 3, 2006 against Donald and Addie McCrary, Derrick M. Daniels, Warren Daniels Sr., Daniels 
Sons Plumbing Co., Dominion Gas Company and Atlantic Mutual Insurance Company. The court granted summary judgment for Derrick Daniels; appellants voluntarily dismissed their claims against Atlantic Mutual without prejudice, and settled and dismissed their claims against Warren Daniels Sr. and Daniels Sons Plumbing Co. The claims involving these defendants are not at issue in this appeal.[1]
 {¶ 4} The complaint asserted that appellant L.A.D.S. owned two parcels of vacant land and appellant Whitmore owned one parcel of vacant land on Green Road in Cleveland, Ohio, while appellees Donald and Addie McCrary owned a home also located on Green Road. Appellants claimed that a trench was dug on their *Page 7 
property without their permission, and a gas supply line was installed to provide gas service to the McCrary's property. Appellants claimed that the gas line interfered with a proposed purchaser's plans to build on their property, and caused the purchaser to cancel the purchase. Appellants claimed that the appellees were negligent, trespassed on appellants' property, installed the gas line without proper permits, and converted plaintiff's property to their own use by inhibiting the sale of the property.
 {¶ 5} Dominion answered and cross-claimed for indemnity and contribution from the McCrarys and the Daniels defendants; they also cross-claimed against the Daniels defendants for breach of contract. The McCrarys likewise answered and cross-claimed against Dominion and the Daniels defendants for indemnity and contribution.
 {¶ 6} Dominion moved the court for summary judgment on September 28, 2006. Appellants responded to this motion and filed a cross-motion for summary judgment against all defendants jointly and severally, on October 27, 2006. Addie McCrary and Donald McCrary separately moved for summary judgment on November 17, 2006 and November 30, 2006, respectively, and also jointly moved for partial summary judgment against plaintiff Whitmore. Finally, Dominion separately moved the court to dismiss all of appellants' claims except trespass claim for lack of subject matter jurisdiction. *Page 8 
 {¶ 7} On March 22, 2007, the court granted summary judgment in favor of Dominion on appellants' trespass claims, and dismissed the appellants' other claims against Dominion for lack of subject matter jurisdiction. The court denied the McCrarys' motions for summary judgment. The case then proceeded to trial on appellants' claims against the McCrarys. At the conclusion of the appellants' case, the court directed the verdict for Addie McCrary. None of appellants' assignments of error challenge this ruling.
 {¶ 8} The jury was instructed with respect to appellants' negligence and trespass claims against Donald McCrary. The jury returned a general verdict "for the Defendants" and returned interrogatories unanimously finding, among other things, that "Mr. McCrary proved by a preponderance of the evidence that he had an easement by necessity to dig both trenches."
 {¶ 9} Appellants filed a motion for judgment notwithstanding the verdict ("judgment nov") or for a new trial. They then filed this appeal. This court remanded the matter to allow the trial court to rule on the motion for judgment nov or for a new trial. After the trial court overruled appellants' motions, this court allowed appellants to amend their notice of appeal to include both the judgment on the verdict and the ruling on their motions for judgment nov or for a new trial.
 Facts *Page 9 {¶ 10} None of the parties has provided us with a complete recitation of the facts leaving us to attempt to discern them from the jumble of testimony at trial and evidence attached to the parties' motions. Simply stated, appellees Addie and Donald McCrary own a home located roughly 200 feet back from Green Road in Cleveland, Ohio. Their deed includes a 12-foot wide "private right of way for easement appurtenant to the parcel of land" which runs between their parcel and Green Road. The adjacent property, abutting Green Road, was formerly a single lot, but was later divided by appellants into four lots, two of which were owned by L.A.D.S. and two of which were owned by Whitmore.
 {¶ 11} In the fall of 2005, Dominion determined that there was a leak in the gas service line to the McCrary's property. Dominion shut off gas service and notified the McCrarys to repair or replace it. Dominion painted an arrow in the grass to mark the direction in which the service line ran from its "tap," and Mr. McCrary dug a trench from that point to his house and installed a new gas service line. This trench was outside the 12-foot express easement. This line was later disconnected and another trench was dug, partly within the 12 foot easement and partly outside of it.
 Law and Analysis {¶ 12} Throughout their brief, appellants argue issues not raised in their extensive assignments of error. Concomitantly, their assignments of error raise issues which they do not argue in their brief. We exercise our discretion to consider *Page 10 
only those issues that are both assigned as error and briefed. See, e.g., Catalano v. Pisani (1999), 134 Ohio App.3d 549, 552; also see App.R. 12(A)(1)(b) and (A)(2).
 {¶ 13} Appellants' first assignment of error contends that the "assigned judge" erred by granting a motion in limine to exclude the testimony of William Belloma. Although we found two motions in limine which included requests to exclude Belloma's testimony, we found no ruling on either motion on the court's docket. Appellants have not informed us where in the record the challenged ruling was made.
 {¶ 14} In any event, it is clear that a ruling on a motion in limine is a tentative and interlocutory decision which anticipates an issue that has not yet been presented. "At trial it is incumbent upon a [party], who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." State v. Grubb (1986),28 Ohio St.3d 199, 203. Appellants have not shown us where in the record they may have preserved this issue for appeal. Therefore, we overrule the first assignment of error.
 {¶ 15} The second assignment of error raises a plethora of issues, including both rulings by the visiting trial judge during trial and pretrial rulings by the assigned judge. We address the pretrial rulings first. *Page 11 
 {¶ 16} Appellants assert that the common pleas court erred by granting summary judgment to Dominion on appellants' trespass claim. We review the trial court's ruling on summary judgment de novo, applying the same standard of review the trial court used. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is appropriate if there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and, viewing the evidence in the light most favorable to the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Civ.R. 56(C).
 {¶ 17} `"A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue * * * .'" Apel v. Katz, 83 Ohio St.3d 11, 19,1998-Ohio-420 (quoting Linley v. DeMoss (1992), 83 Ohio App.3d 594,598). "The act of nonconsensual entry may be intentional or negligent."Linley v. DeMoss, 83 Ohio App.3d at 598.
 {¶ 18} The evidence attached to Dominion's motion for summary judgment demonstrates that Dominion did not enter appellants' property "unlawfully" or "without authority or privilege." An affidavit from Dominion's Construction Department Supervisor attests that Dominion neither dug the trench nor installed the gas service line in dispute here, nor did it direct where the line should be placed. Dominion only inspected the service line that had already been placed there and tied *Page 12 
that line in with the main gas line located in the public road right of way. The tie-in was located in the right of way. The city was required to provide Dominion, a public utility, with access and occupancy of the public right of way for its lines. See R.C. 4939.03 .04. Dominion's use of the right of way was a permitted use, not a trespass.
 {¶ 19} Appellants' briefs in the trial court did not provide any evidence to show that Dominion entered their property unlawfully or without authority or privilege. Appellants now point to the deposition testimony of Cedric Conel, a construction and maintenance technician for Dominion, and claim that this testimony contradicts the affidavit Dominion submitted, creating a genuine issue of fact. Conel's deposition testimony was not filed until after the court had already ruled on Dominion's summary judgment motion and therefore could not have been considered by the court. Therefore, we find the trial court did not err by granting summary judgment for Dominion on the trespass claim.
 {¶ 20} Appellants also argue that the trial court abused its discretion by denying their request for the court to take judicial notice of United States Department of Transportation statutes and advisories. The docket does not reflect any entry denying this request. Even if we presume the court denied their motion by failing to rule on it, State ex rel. V. Cos. v. Marshall, 81 Ohio St.3d 467, 469,1998-Ohio-329, appellants have failed to demonstrate how those documents were relevant to the trespass claim against Dominion, the only claim against Dominion which the trial *Page 13 
court addressed on the merits. Therefore, we overrule this portion of the second assignment of error.
 {¶ 21} Turning to appellants' claims of error at trial, appellants first complain about "intemperate" comments made by the court. None of these comments were made in the presence of the jury so appellants cannot show that they were prejudiced by them. To the extent that appellants insinuate that the judge was biased against them, this appeal is not the proper forum for complaints of bias. State v. Gandy, Hamilton App. No. C-050804, 2006-Ohio-6282, T|22; also see R.C. 2701.03; Snow v.Snow, 101 Ohio St.3d 1226, 2003-Ohio-7355.
 {¶ 22} Appellants further complain about the court's limitations on their presentation of evidence, particularly the court's exclusion of the testimony of William Belloma, Larry Jones, and employees of Dominion. Appellants do not point to any place in the record where they proffered the testimony which they would have presented or explained its relevance to the court. Evid.R. 103(A)(2). Therefore, they failed to preserve these issues for appeal.
 {¶ 23} Accordingly, we overrule the second assignment of error.
 {¶ 24} The third assignment of error asserts that the court erred by overruling appellants' motion for judgment nov or for a new trial on the ground that appellants failed to object to the jury instruction the court gave on easements by necessity. We agree that L.A.D.S.'s attorney did "lodge our objection" to this instruction even as he agreed with the court that "there has been ample testimony . . . that the reason *Page 14 
[appellee McCrary] dug this ditch was to get a gas line, to get heat in his house However, the mere fact that the stated basis for the trial court's decision on these motions was incorrect does not require us to reverse the trial court's decision.
 {¶ 25} We review the trial court's decision on a motion for judgment nov de novo, applying the same standard of review the trial court used. See, e.g., Gugliatta v. Morano, 161 Ohio App.3d 152, 2005-Ohio-2570, ¶ 30. Like a motion for a directed verdict, a motion for judgment nov challenges the sufficiency of the evidence. Id.; see Civ.R. 50(A)(4) and (B). Appellant's allegations of error in the jury instructions is something of a non sequitur in the context of a motion for judgment nov, as it has nothing to do with the sufficiency of the evidence to support the jury's verdict. Even if the instruction was erroneous, appellants would still have to show that "after construing the evidence most strongly in favor of the [appellees], . . . reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *." Civ.R. 50(A)(4). Appellants have not even attempted to argue that their motion met this standard. Accordingly, the trial court properly overruled their motion for judgment nov.
 {¶ 26} We review the trial court's decision on a motion for a new trial for abuse of discretion. See, e.g., Wilson v. United FellowshipClub, Summit County App. No. 23241, 2007-Ohio-2089, ¶ 25. Civ.R. 59 sets forth the various grounds upon which a motion for a new trial may be granted; among other things, the court can grant a new *Page 15 
trial because of an "irregularity in the proceedings * * * or abuse of discretion, by which an aggrieved party was prevented from having a fair trial." An alleged error in the court's jury instruction may thus provide a basis for granting a new trial.
 {¶ 27} The trial court instructed the jury as follows:
 The defendants claim that their entry onto the land was justified. To establish this claim, the defendant must prove by the greater weight of the evidence that the defendant entered the land under a valid easement. The defendants claim a right to enter the land of the plaintiff under an easement created as a matter of law that's called — I'll instruct you. It's called an easement of necessity.
 * * *
 * * The defendant claims an easement by necessity.
 To establish this claim, the defendant must prove by the greater weight of the evidence when the land now owned by plaintiff was separated from that now owned by the defendants, the easement was strictly necessary to use — to use the land now owned by the plaintiff [sic].
 The easement need not be mentioned in the deed separating the land of the plaintiff from that of the defendant.
 {¶ 28} We agree with appellants that there was insufficient evidence to support an instruction to the jury on easement by necessity. There was some evidence that the original gas line to the McCrarys' house ran through appellants' property outside of the express easement the McCrarys were granted in their deed. This was not in itself sufficient to show that the McCrarys had an easement by necessity to replace the pipe in the same place. *Page 16 
 {¶ 29} "The elements of an easement by necessity are that, upon the severance of land from the estate, a use existed that is continuous, apparent, permanent and necessary. [Trattar v. Rausch (1950),154 Ohio St. 286, 292]. The party asserting an easement by necessity has the burden of proving that one exists by clear and convincing evidence. Id. at 295. The severance of the unity of ownership in an estate is the very first element which must be shown to prove an easement by necessity. SeeCiski [v. Wentworth (1930), 122 Ohio St. 487, paragraph one of the syllabus]. `Prior unity of ownership of both the dominant and servient estate is the sine qua non for establishing an easement by necessity.'Scrivner v. Lore [(Apr. 22, 1999) Scioto App. No. 98 CA 2568, unreported]. In addition to prior unity of ownership, necessity must also be established. In the Tiller [v. Hinton (1985), 19 Ohio St.3d 66] case, the Ohio Supreme Court explained that `to justify the implication of an easement by necessity, strict necessity is required. An easement will not be implied where there is an alternative outlet to a public way, even though it is less convenient or more expensive.'Tiller[,] at 69." Moore v. Lightheiser (Dec. 5, 2001), Muskingum App. No. 01 CA 8.
 {¶ 30} There was no evidence that title to appellants' and the McCrarys' land was ever united. Therefore, the McCrarys provided no evidence of the first element required to demonstrate an easement by necessity. Even if title was once united, and if the McCrary's home and/or the gas line existed before title was severed, the existence of the express easement makes it impossible to find that it was strictly *Page 17 
necessary for the gas line to remain in the same location, outside the express easement. Accordingly, we hold that the trial court erred by instructing the jury on easements by necessity. This error was prejudicial to the appellants because the jury expressly found the McCrarys had an easement by necessity. Accordingly, we reverse and remand for a new trial on appellants' claims against Donald McCrary.[2]
 {¶ 31} Appellants' fifth assignment of error raises a related claim, that the court erred by failing to instruct the jury about negligence per se. The court instructed the jury on negligence. Appellant has not pointed out where in the record he requested a jury instruction about negligence per se or where the court rejected it. Accordingly, he has failed to identify the error on the record.
 {¶ 32} Finally, appellants' fourth assignment of error contends that the court erred when it did not allow them to cross-examine Mr. McCrary on his prior felony conviction. The transcript reveals that the court determined that appellant did not have evidence Mr. McCrary had a prior conviction. The court gave the jury a curative instruction to disregard any questions about a prior conviction. Appellants now present evidence that Mr. McCrary was previously convicted of attempted theft, a first degree misdemeanor, in 1992. Quite apart from the fact that this evidence was not presented to the trial court, a misdemeanor conviction is not admissible *Page 18 
evidence to attack a witness's credibility. See Evid.R. 609(A)(1). Therefore, we overrule the fourth assignment of error.
 {¶ 33} We hold that the common pleas court abused its discretion by denying appellants' motion for a new trial. The evidence presented did not support an instruction to the jury on easements by necessity. This instruction was unquestionably prejudicial because the jury interrogatories reveal that the jury based its verdict on an easement by necessity. Therefore, we reverse and remand for a new trial on appellants' claims against Donald McCrary. We affirm the judgments in favor of Dominion and Addie McCrary.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] A portion of appellants' second assignment of error contends that the trial court erred by denying "sanctions to plaintiff/appellants, for defendant, Daniels for [sic] failure to make payment of settlement as agreed and/or in timely fashion * * *." However, appellants do not argue this issue. Therefore, we disregard it. App.R. 12(A)(2). In any event, the record contains neither a motion for sanctions nor an order denying such a motion.
[2] As noted above, the trial court directed the verdict for Addie McCrary. Appellant has not challenged this ruling in this appeal. *Page 1