IN RE DISQUALIFICATION OF SWENSKI.

STATE *v.* ADAMS.

[Cite as *In re Disqualification of Swenski,* ___ Ohio St.3d ___,

2014-Ohio-2599.]

*Judges—Affidavit of disqualification—Affiant's decision to pursue other recusal remedies does not excuse the seven-day statutory requirement of R.C. 2701.03—Disqualification denied.*

(No. 14-AP-030—Decided April 30, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Lorain County Court of Common Pleas

Case No. 12CR084976.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Kreig J. Brusnahan, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lisa I. Swenski from serving on the three-judge panel in case No. 12CR084976, a capital case pending in the Court of Common Pleas of Lorain County.

**{¶ 2}** Brusnahan claims that his co-counsel recently overheard Judge Swenski's husband, who is a practicing attorney in Lorain County, conversing with an assistant prosecutor assigned to the underlying case. According to Brusnahan, his co-counsel heard the judge's husband make a comment similar to the following: "You don't need to worry about my wife. She's got no problem killing someone." Based on this comment, Brusnahan claims that Judge Swenski is prejudiced against the defendant in that she may be predisposed to impose the death penalty.

**{¶ 3}**   Judge Swenski has responded in writing to the allegations in the affidavit, averring that she has not prejudged defendant's guilt or innocence, or any potential sentence.   Judge Swenski acknowledges that her husband had a conversation with the assistant prosecutor about the death penalty, but the judge states that Brusnahan's affidavit is otherwise inaccurate.   According to Judge Swenski, the discussion occurred over a month ago in a pretrial room filled with other attorneys and related to a different capital case.   The judge's husband had commented that he did not believe the facts in that other capital case warranted the death penalty and that he was against the death penalty, but that his wife "[did] not have a problem with the State executing someone."   Judge Swenski states that her husband's comment does not accurately reflect her obligations as a judge, as she "can impose a death sentence if one is warranted and vote against a death sentence if it did not meet the lawful requirements."

**{¶ 4}**   For the reasons explained below, no basis has been established to order the disqualification of Judge Swenski.

**{¶ 5}**   First, Brusnahan's affidavit is not timely.   Brusnahan filed his affidavit on April 28, 2014, the day before the scheduled trial.   Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled."   This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing.   *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999).

**{¶ 6}**   Here, Brusnahan claims that he learned of the alleged prejudicial comment on April 17, 2014, which was five days before the statutory deadline. Brusnahan claims that he then attempted to verify that the statement had been made, and after obtaining verification, he contacted the presiding judge on the

case, who set a conference for April 28 to discuss the matter. At that conference, the presiding judge decided to move forward with the assigned three-judge panel, and Brusnahan then filed his affidavit of disqualification. An affiant's decision to pursue other recusal remedies, however, does not excuse the seven-day statutory requirement in R.C. 2701.03. *See In re Disqualification of Kontos*, 94 Ohio St.3d 1224, 763 N.E.2d 595 (2001); *In re Disqualification of Squire*, 101 Ohio St.3d 1226, 2003-Ohio-7355, 803 N.E.2d 825.

**{¶ 7}** In *Kontos*, the affiant filed his affidavit on the same day as the scheduled hearing, claiming that it was impossible to file his affidavit earlier because the judge had denied the affiant's motion for recusal only a day before the trial. The chief justice denied the affidavit, explaining:

> Counsel and parties to pending cases are encouraged to resolve potential disqualification requests prior to invoking the formal procedures set forth in * * * R.C. 2701.03. However, any attempt to obtain the recusal of a judge must be made in consideration of the seven-day requirement established by the General Assembly for timely filing an affidavit of disqualification. Affiant does not demonstrate facts to show that it was impossible to comply with the statutory filing requirement. Rather, the record before me indicates that affiant and his co-counsel had sufficient opportunity to file an affidavit of disqualification in a timely manner and instead chose to file a recusal motion with the trial judge * * *.

Id. at 1225.

**{¶ 8}** The same reasoning applies here. The record shows that Brusnahan and his co-counsel had sufficient opportunity to file the affidavit in a timely manner but instead attempted to resolve the issue through other means.

3

Accordingly, Brusnahan has not established that it was impossible for him to file the affidavit before the statutory deadline, and his affidavit is not timely filed.

{¶ 9} Second, even if Brusnahan's affidavit were considered timely, he has not sufficiently substantiated his allegations. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Here, Brusnahan offers only his affidavit to support his allegations, although it was his co-counsel—not Brusnahan—who overheard the judge's alleged prejudicial comment. As a result, there are no sworn statements in the record from any individual with personal knowledge of the allegations—that is, someone who actually overheard or participated in the discussion when the allegedly prejudicial comment was made.

{¶ 10} The disqualification of a judge is an extraordinary remedy. And, a "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. On this record, Brusnahan's unsubstantiated allegations—especially in the face of the conflicting facts presented in the judge's response—are insufficient to overcome the presumption that Judge Swenski is fair and impartial. *See, e.g.*, *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice"); *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stores presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced * * *").

**{¶ 11}** For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed with Judge Swenski serving on the three-judge panel.

————————————————