IN RE DISQUALIFICATION OF HARRIS.

STATE *v.* KESSLER.

[Cite as *In re Disqualification of Harris*, 142
Ohio St.3d 1247, 2014-Ohio-5868.]

(No. 14–AP–070—Decided September 10, 2014.)

O'CONNOR, C.J.

{¶ 1} Jon Saia, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Patrick N. Harris from presiding over any further proceedings in case No. TRC–14–02154, pending for trial in the Fairfield County Municipal Court.

{¶ 2} Saia claims that in his most recent case before Judge Harris, *State v. Hakes,* the judge halted a suppression hearing, called counsel into his chambers, addressed them with numerous profanities, and indicated a fixed judgment on the suppression issue even though all of the evidence had not yet been submitted. After the in-chambers conference, Judge Harris denied Saia's motion to suppress, and Saia later filed an affidavit of disqualification against the judge.  The administrative judge of the Fairfield County Court of Common Pleas granted the affidavit and assigned *Hakes* to a new judge, who held another suppression hearing and ultimately granted Saia's motion.[1]  Saia claims that Judge Harris's actions in *Hakes* were intimidating and prejudicial and that his client in the underlying matter, defendant Kenneth Kessler, will also be prejudiced if Judge Harris is not disqualified from his case.  In addition, Saia asserts that Kessler's case was initially assigned to a visiting judge, who conducted all of the prior proceedings in the matter, but that Judge Harris "directed his assignment clerk to schedule the case so that he could be the judge to preside over the trial."

---

1. On July 10, 2014, Am.Sub.H.B. No. 261 took effect, which eliminated the prior procedures for filing an affidavit of disqualification for a judge of a municipal or county court and instead included the disqualification of a municipal or county court judge within the procedures for filing an affidavit of disqualification against a probate judge, a judge of a court of appeals, and a judge of the court of common pleas under R.C. 2701.03.

{¶ 3} Judge Harris has responded in writing to the allegations in Saia's affidavit. As to the *Hakes* case, Judge Harris acknowledges using unprofessional language when addressing counsel in his chambers, but the judge asserts that his comments were directed at both counsel, not solely at Saia. In addition, Judge Harris states that the judge who replaced him in *Hakes* heard new evidence on the suppression issue. Therefore, Judge Harris argues, the fact that the other judge granted Saia's motion—based on different evidence—does not support Saia's claim of judicial bias. Finally, Judge Harris acknowledges that a visiting judge conducted a preliminary hearing in Kessler's case, but Judge Harris further explains that he maintained responsibility for the matter, as the visiting judge was only filling in for him while he was on vacation.

{¶ 4} In affidavit-of-disqualification proceedings, "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). The burden falls on the affiant to submit specific allegations of bias or prejudice. *See* R.C. 2701.03(B)(1). In addition, a "presumption of impartiality" is "accorded all judges." *In re Disqualification of Celebrezze,* 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7. For the reasons explained below, no basis has been established to order the disqualification of Judge Harris.

{¶ 5} First, Saia has not proven that Judge Harris's inappropriate conduct in *Hakes* requires the judge's removal from Kessler's case. Judge Harris admitted using unprofessional language in *Hakes,* and he was subsequently disqualified from that proceeding. Saia, however, has not indicated that *Hakes* is related to the underlying matter or that Judge Harris has engaged in similar conduct in Kessler's case. Nor has Saia proven that Judge Harris's conduct in *Hakes* was caused by personal bias against Saia, which would warrant the judge's disqualification from any matter in which Saia appears as counsel. *Compare In re Disqualification of Hoover,* 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634 (disqualifying a judge from all of an attorney's cases where the judge held a fixed and longstanding resentment toward the attorney, which would have caused a reasonable and objective observer to question whether the judge could sit fairly and impartially on cases involving that attorney). Under these circumstances, Saia has not established that Judge Harris has a hostile feeling toward him or Kessler or that the judge has expressed a fixed judgment in the underlying case.

{¶ 6} Second, Saia has not demonstrated that the trial assignment for Kessler's case was the product of judicial bias. Under this court's guidelines for the

assignment of judges, if a visiting judge is assigned to a *specific case,* the visiting judge's assignment to that case continues until the conclusion of the matter. Guidelines for Assignment of Judges, Section 5.2(A), http://www.supremecourt. ohio.gov/JCS/judicialAssignment/judgeAssignGuide.pdf. Here, Saia has not submitted any evidence indicating that a visiting judge was specifically assigned to Kessler's case. For his part, Judge Harris asserts that the underlying matter is and has been assigned to him but that a visiting judge presided over a preliminary hearing because he was on vacation. Based on this record, there is insufficient evidence to conclude that Judge Harris's decision to preside over Kessler's scheduled trial constitutes bias or prejudice against Saia.

{¶ 7} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Harris.