IN RE DISQUALIFICATION OF INGRAHAM.

WHITEHAWK *v.* SHELLABARGER.

[Cite as *In re Disqualification of Ingraham,*
144 Ohio St.3d 1251, 2015-Ohio-3371.]

(No. 15–AP–040—Decided May 12, 2015.)

O'CONNOR, C.J.

{¶ 1} Matthew W. Chapel, counsel for plaintiff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Jeffrey R. Ingraham from presiding over the above-captioned case and all other cases in which Chapel appears as counsel.

{¶ 2} Chapel claims that Judge Ingraham is personally biased against him, as demonstrated by the judge's ill temper and hostility toward him both in the privacy of his chambers and in court settings. To support his claim, Chapel submitted the results of an investigation conducted by attorney Dianna M. Anelli, who spoke to four individuals, including a former employee of the common pleas court, regarding Judge Ingraham's past treatment of Chapel. Chapel also set forth allegations regarding various cases since 2004 in which he believes that Judge Ingraham has mistreated him.

{¶ 3} Judge Ingraham has responded in writing to the allegations in the affidavit, denying any personal bias against Chapel.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Ingraham.

{¶ 5} First, Chapel has waived many of these bias claims. It is well established that an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection. *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Additionally, the affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper,* 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Chapel claims that Judge Ingraham demonstrated bias against him in various

cases pending between 2004 and 2010.[1] Yet Chapel filed his affidavit of disqualification in April 2015. Even more perplexing, Chapel's affidavit does not set forth any specific bias allegations regarding the underlying case, which has been pending since 2012. And while it is true that Chapel retained Anelli to conduct her investigation in 2015, the individuals with whom she talked stated that Judge Ingraham made biased comments against Chapel in or prior to 2009 (or there was no date associated with the individual's allegations of judicial bias). Because Chapel has failed to sufficiently explain why he could not file his affidavit earlier—considering that the alleged bias occurred years ago—he has waived his right to disqualify Judge Ingraham on these grounds.

{¶ 6} Additionally, Judge Ingraham states that Chapel first raised the issue of judicial bias after receiving an adverse ruling, which suggests that the adverse decision prompted the disqualification request, not a history of personal bias. A party is not " 'permitted to participate in an action or proceedings to the extent that he is able to ascertain the attitude of the judge toward important aspects of his case and then avoid an adverse ruling by belatedly raising the issue of disqualification.' " *In re Disqualification of Murphy*, 36 Ohio St.3d 605, 522 N.E.2d 459 (1988), quoting Annotation, *Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings—Modern State Criminal Cases*, 27 A.L.R.4th 597, 605 (1984).

{¶ 7} Second, even if Chapel had not waived these bias claims, he has not set forth sufficient grounds for disqualification. In a disqualification request, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Chapel's affidavit has not overcome these presumptions. For example, Chapel relies on Anelli's investigation, but her conclusions were based primarily on communications with a former employee of the common pleas court and a local attorney. However, neither of those two individuals signed affidavits supporting their allegations that they overheard Judge Ingraham making derogatory comments about Chapel. Allegations that are based on hearsay and speculation are insufficient to establish bias or prejudice. *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4; *see also In re Disqualification of Swenski*, 139 Ohio St.3d 1232, 2014-Ohio-2599, 11 N.E.3d 1187, ¶ 9 (denying a disqualification request, in part, because there were no sworn

---

1. Chapel also avers that Magistrate Deborah Drexler demonstrated bias against him in a 2014 proceeding. However, "R.C. 2701.03 does not permit the chief justice to consider claims of bias or prejudice against magistrates." *In re Disqualification of Celebrezze*, 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 8.

statements in the record from any individual "who actually overheard or participated in the discussion when the allegedly prejudicial comment was made").

{¶ 8} In addition, Judge Ingraham flatly denies making many of the comments attributed to him by the former employee. And he similarly denies exhibiting ill temper or hostility toward Chapel in the various court proceedings listed in Chapel's affidavit. Thus, the record contains conflicting statements, and "[t]ypically, such conflicting evidence is insufficient to overcome the presumption of a judge's impartiality." *In re Disqualification of Burge*, 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 5. *See also In re Disqualification of Synenberg*, 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 25 ("in the wake of the conflicting stories presented here, I cannot conclude that the judge should be removed * * *"). The record, therefore, does not support a conclusion that Judge Ingraham has a personal bias against Chapel that would warrant his removal from any case in which Chapel appears as counsel. *Compare In re Disqualification of Hoover*, 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634, ¶ 8 (blanket order of disqualification warranted when a judge's own words against an attorney would cause a reasonable and objective observer to wonder how and whether the judge could sit fairly and impartially on cases involving that attorney).

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Ingraham.