IN RE DISQUALIFICATION OF INGRAHAM.

WHITEHAWK *v.* SHELLABARGER.

2016-Ohio-3097.]

(No. 16–AP–003—Decided January 28, 2016.)

O'CONNOR, C.J.

{¶ 1} Matthew W. Chapel, counsel for plaintiff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Jeffrey Ingraham from presiding over any further proceedings in the above-captioned case. This is the second affidavit of disqualification that Chapel has filed against Judge Ingraham in this matter. His first disqualification request was denied in May 2015. *In re Disqualification of Ingraham,* 144 Ohio St.3d 1251, 2015-Ohio-3371, 43 N.E.3d 443.

{¶ 2} Chapel sets forth four separate bases for disqualification. Judge Ingraham has responded in writing to the allegations, and Chapel has since filed a supplemental affidavit. For the reasons explained below, no basis has been established to order the disqualification of Judge Ingraham.

{¶ 3} First, Chapel has waived two of his bias claims. It is well established that an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). And the affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper,* 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Chapel asserts that Judge Ingraham interfered with settlement negotiations in May 2014 and October 2014 and that Judge Ingraham violated the Code of Judicial Conduct and other court rules by not recording a December 2014 pretrial hearing. Yet Chapel did not file his affidavit until January 2016—more than a year after the alleged bias occurred. If Chapel believed that Judge Ingraham's actions reflected bias, he should have timely sought disqualification.

{¶ 4} Further, Chapel waived these claims by not including them in his previous affidavit of disqualification, which was filed in April 2015. *See In re Disqualification of Forchione*, 134 Ohio St.3d 1235, 2012-Ohio-6303, 983 N.E.2d 356, ¶ 14 (an affiant's failure to assert allegations in an original affidavit resulted in waiver of the allegations raised in an amended affidavit). If Chapel believed that the complained-of behavior demonstrated bias, he had the opportunity to identify the conduct in his previous disqualification request. As nothing in the record justifies Chapel's failure to include the allegations in his previous affidavit, he has waived the right to disqualify Judge Ingraham based on these allegations. "To allow such allegations now * * * would hamper the orderly administration of judicial proceedings." *In re Disqualification of Sheward*, 136 Ohio St.3d 1262, 2013-Ohio-4244, 995 N.E.2d 1201, ¶ 5.

{¶ 5} Second, in his two remaining bias claims, Chapel has not set forth sufficient grounds for disqualification. In his third allegation, Chapel appears to assert that Judge Ingraham misrepresented a procedural fact in his response to Chapel's previous affidavit of disqualification. In the judge's response, he indicated that the parties had discussed "during a pretrial" the possibility of bifurcating the trial. According to Chapel, the docket does not show that any such pretrial conference occurred during the relevant time period and therefore, Judge Ingraham's representation that the discussion occurred at a pretrial has created an appearance of impropriety. For his part, Judge Ingraham states that at the time he drafted his response to the initial disqualification request, he had discussed bifurcation with counsel. The judge appears to acknowledge that the docket may not accurately reflect when those discussions occurred, but the judge concludes that that fact does not mean that he is biased against Chapel.

{¶ 6} In his fourth bias claim, Chapel asserts that the judge's response to the first affidavit of disqualification also mentioned a pending motion in limine, and as of January 2016, the judge had not yet ruled on that motion. According to Chapel, the judge's delay in ruling on the motion has created an appearance of impropriety. In response, Judge Ingraham explains that he has delayed ruling on the motion due to, among other things, the time constraints of managing a busy docket—not because of an intent to prejudice any party to the underlying case.

{¶ 7} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Additionally, in disqualification requests, a "presumption of impartiality" is "accorded all judges." *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803

N.E.2d 823, ¶ 7. Even assuming that Judge Ingraham made a misstatement in his response to the first affidavit regarding the pretrial conference, neither that error nor the fact that he has failed to timely rule on a pending motion would cause a reasonable observer to question his impartiality. *See, e.g., In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4 (a judge's action—or inaction—on a motion is within the judge's sound discretion and is not evidence of bias or prejudice). Accordingly, Chapel has failed to submit sufficient evidence demonstrating that disqualification is warranted.

{¶ 8} Finally, throughout Chapel's affidavit and supplemental affidavit, he claims that Judge Ingraham has violated several rules of the Code of Judicial Conduct. Affidavits of disqualification, however, are "not the appropriate mechanism for determining whether a judge has followed the Code of Judicial Conduct." *Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, at ¶ 19. The issue before the chief justice in a disqualification request is a narrow one: "[t]he constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209–1210, 723 N.E.2d 1098 (1999). Therefore, Chapel's claims that Judge Ingraham has violated various rules in the judicial code are outside the scope of this proceeding.

{¶ 9} For the reasons explained above, the affidavit of disqualification is denied. The case may proceed before Judge Ingraham.