O'Connor, C.J.
*1203 {¶ 1} Mary Jill Hugan, counsel for the third-party care givers, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Sylvia Sieve Hendon, a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced custody case.
{¶ 2} Ms. Hugan avers that at a recent in-chambers conference, Judge Hendon threatened to report Ms. Hugan's client-who is an attorney-to disciplinary authorities unless he agreed to settle the pending contempt matter and pay opposing counsel's attorney fees. Because of the judge's "coercive tactics," Ms. Hugan does not believe that her client can receive a fair hearing on the pending contempt motion.
{¶ 3} Judge Hendon has responded in writing to the affidavit. The judge acknowledges attempting to negotiate a settlement of the pending matters but denies exhibiting any bias against Ms. Hugan's clients.
{¶ 4} A judge may not coerce parties into settlement or penalize parties who refuse to surrender their right to have a court resolve their dispute. See Jud.Cond.R. 2.6(B) (permitting a judge to encourage litigants to settle matters but prohibiting *1045 judges from acting "in a manner that coerces any party into settlement"). In addition, if a judge has actual knowledge that an attorney appearing before her engaged in any misconduct raising a question regarding the attorney's honesty, trustworthiness, or fitness as a lawyer, the judge has a duty to report the attorney to an appropriate disciplinary authority-regardless of whether the attorney complies with a judge's request to settle a case. See Jud.Cond.R. 2.15(B).
{¶ 5} Here, Judge Hendon states that at the recent in-chambers conference, she advised Ms. Hugan that "if it were proven" that her client engaged in deceitful conduct, the judge "would possibly feel obligated to report" his actions *1204 to a disciplinary authority. There is nothing improper about the judge's comment. It appears that Ms. Hugan believes that Judge Hendon engaged in more coercive conduct. But it is well settled that in deciding disqualification requests, a "presumption of impartiality" is "accorded all judges." In re Disqualification of Celebrezze , 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.
{¶ 6} Given the conflicting statements in this record, Ms. Hugan's allegations are insufficient to overcome the presumption that Judge Hendon will be fair and impartial. See, e.g. , In re Disqualification of Harwood, 137 Ohio St.3d 1221, 2013-Ohio-5256, 999 N.E.2d 681, ¶ 7 ("Given the conflicting evidence in the record-and [the affiant's] failure to substantiate her allegations with third-party affidavits or other evidence-[the affiant] has failed to set forth sufficiently compelling evidence to overcome the presumption that Judge Harwood is fair and impartial"); In re Disqualification of Swenski , 139 Ohio St.3d 1232, 2014-Ohio-2599, 11 N.E.3d 1187, ¶ 10 ("[the affiant's] unsubstantiated allegations-especially in the face of the conflicting facts presented in the judge's response-are insufficient to overcome the presumption that Judge Swenski is fair and impartial").
{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge Hendon.