IN RE DISQUALIFICATION OF SHEWARD.

SIMONETTI ET AL. *v*. ADAMS-KARL INVESTMENTS, L.L.C., ET AL.

ADAMS *v*. SIMONETTI ET AL.

[Cite as *In re Disqualification of Sheward,* 136 Ohio St.3d 1239,

2013-Ohio-3488.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant fails to present*
*evidence of alleged personal attacks, attempt to force settlement, and*
*improper ex parte communications—No bias shown.*

(No. 13-AP-055 and 13-AP-056—Decided July 3, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas

Case Nos. 11CVH-2192 and 12CV-4166.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Bret Adams has filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Richard S. Sheward from presiding over any further proceedings in the above-captioned cases, both of which are pending for trial in the Court of Common Pleas of Franklin County.

**{¶ 2}** Adams alleges that Judge Sheward is biased and prejudiced against him and the other defendants, as evidenced by the judge's alleged (1) "personal attacks" against Adams, (2) attempt to "force a settlement," (3) disclosure of confidential information to plaintiffs, and (4) ex parte communications with Adams's counsel.

**{¶ 3}** Judge Sheward has responded in writing to the allegations in Adams's affidavits, offering a detailed account of his handling of both cases. Judge Sheward denies any bias or prejudice against Adams.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Sheward.

### *Alleged personal attacks and attempt to force settlement*

**{¶ 5}** Adams claims that Judge Sheward has made "pointed personal attacks" against him and attempted to force settlement to lighten the judge's docket. Judge Sheward denies making any such attacks, and he "fervently dispute[s]" that he encouraged settlement in order to remove the cases from his docket.

**{¶ 6}** Adams has failed to substantiate these claims. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Here, Adams offers only his affidavits to support these allegations. He concedes that he did not witness Judge Sheward's allegedly improper settlement conduct, yet none of the three attorneys who he says did witness it submitted an affidavit supporting Adams's claims. Further, and contrary to R.C. 2701.03, Adams has not set forth any specific examples of the alleged personal attacks made against him. *See* R.C. 2701.03(B)(1) (requiring the affiant to include the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations").

**{¶ 7}** On this record, Adams's vague and unsubstantiated allegations—especially in the face of clear denials by Judge Sheward—are insufficient to establish bias or prejudice. *See In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988); *In re Disqualification of Synenberg*, 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 25 ("in the wake of the conflicting stories presented here, I cannot conclude that the judge should be

2

removed * * *"); *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice").

**{¶ 8}** Adams also claims that Judge Sheward stated: "Bret I do not like your style of intimidation and aggressiveness," "Mr. Adams likes to keep secrets from this Court," and "Attorney Adams likes to run attorneys off his cases." To the extent that these comments are the alleged "personal attacks" cited in Adams's affidavits, the comments do not warrant judicial disqualification. First, Judge Sheward does not recall making some of these statements, and he claims that if he did make them, they are "inaccurate" and have been "taken out of context." Because Adams failed to substantiate his allegations with a transcript or third-party affidavit, there is no way to determine whether Judge Sheward made the comments, let alone whether the comments reflect bias or prejudice against Adams.

**{¶ 9}** Second,

> [t]he term "bias or prejudice" "implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts."

*In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). If the comments were made, they appear unnecessary, but the comments alone do not convey the impression that Judge Sheward has

developed a hostile feeling towards Adams or reached a fixed anticipatory judgment necessitating his disqualification.

### *Alleged disclosure of confidential information*

{¶ 10} When Adams's former counsel, Joel Mirman, moved to withdraw, Adams claims that he requested that Judge Sheward keep the reasons for Mirman's withdrawal confidential. Judge Sheward, according to Adams, disregarded their "understanding" of the confidentiality of this information and disclosed it to the plaintiffs. For his part, Judge Sheward appears to dispute that he had any such "understanding" with Adams. Instead, the judge believes that he had an obligation to conduct an open hearing on Mirman's motion where both sides could be heard.

{¶ 11} Adams's allegation here is not well taken. Adams has not submitted any authority suggesting that Judge Sheward violated some sort of duty to Adams by disclosing this information at the hearing. But more important, Adams has not established that Judge Sheward's disclosure of the information was the product of bias or prejudice against Adams. The record shows that the opposing parties objected to Mirman's withdrawal, and Judge Sheward determined that disclosure of the information was necessary for an open hearing. It is well settled that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14.

### *Alleged ex parte communication*

{¶ 12} Finally, Adams claims that Judge Sheward made an ex parte telephone call to Mirman, his former counsel. Judge Sheward acknowledges leaving a voice-mail message for Mirman informing him that the judge was going to deny his motion to withdraw. Judge Sheward insists, however, that the message was not an improper ex parte communication under Jud.Cond.R. 2.9(A)(1), because it did not address a substantive issue in the underlying case.

Despite the judge's voice-mail message, Judge Sheward ultimately granted Mirman's motion to withdraw, to which Adams did not object.

{¶ 13} Even if Adams had established that Judge Sheward violated his ethical duties by contacting Mirman, in an affidavit-of-disqualification proceeding, the question is not whether a judge has violated the Code of Judicial Conduct, but whether the communication demonstrates bias or prejudice on the part of the judge. *In re Disqualification of Nicely*, 135 Ohio St.3d 1237, 2012-Ohio-6290, 986 N.E.2d 1, ¶ 10. Adams has failed to explain how Judge Sheward's voice-mail message to Adams's counsel demonstrates bias or prejudice against Adams. Under these circumstances, Judge Sheward's communication is not grounds for disqualification. *Compare id.* (affiant failed to explain how alleged ex parte communication, which led to a favorable decision for the affiant, demonstrated bias or prejudice against her).

### *Adams's rebuttal letters*

{¶ 14} Adams has written and submitted three rebuttal letters, but R.C. 2701.03 requires that a party or counsel seeking to disqualify a judge file an affidavit. *See* R.C. 2701.03(B)(2) (requiring that the affidavit contain the "jurat of a notary public or another person authorized to administer oaths or affirmations"). Because Adams failed to confirm the statements in his rebuttal letters "by oath or affirmation," the letters were not considered. *See, e.g.*, *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 19, quoting *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992) (finding the affiant's unsworn rebuttal letter to be a " 'nullity' " having " 'no effect on the proceedings' ").

### Conclusion

{¶ 15} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome

these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 16} For the reasons stated above, the affidavits of disqualification are denied. The cases may proceed before Judge Sheward.

————————————