IN RE DISQUALIFICATION OF SHEWARD.

SIMONETTI ET AL. *v.* ADAMS-KARL INVESTMENTS, L.L.C., ET AL.

ADAMS *v.* SIMONETTI ET AL.

[Cite as *In re Disqualification of Sheward,* 136 Ohio St.3d 1262,

2013-Ohio-4244.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Waiver of right to disqualify judge—Affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias or prejudice occurred—Affiant has the burden to identify specific allegations of bias and ensure that the allegations can be verified by the record— Disqualification of judge not warranted.*

(No. 13-AP-073—Decided August 14, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas

Case Nos. 11CVH-2192 and 12CV-4166.

_____

**O'CONNOR, C.J.**

{¶ 1}  Bret Adams has filed another affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Richard S. Sheward from presiding over any further proceedings in the above-referenced cases.  Adams's two previous affidavits were denied by entry dated July 3, 2013.  *In re Disqualification of Sheward,* 136 Ohio St.3d 1239, 2013-Ohio-3488, 993 N.E.2d 764.

{¶ 2}  Adams continues to argue that Judge Sheward's comments and conduct reflect personal bias against him.  To support his allegations, Adams submitted a transcript from a January 2013 hearing, and he resubmitted—this time, under oath—three "rebuttal letters" from his previous affidavit-of-

disqualification cases.  Adams also claims that facts were "overlook[ed]" in those previous cases.

{¶ 3}   For the reasons explained below, no basis has been established to order the disqualification of Judge Sheward.

**The January 2013 hearing transcript**

{¶ 4}   It is well established that an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996).  Here, Adams claims that Judge Sheward made biased comments at a January 16, 2013 hearing.  Yet Adams did not file his affidavit relating to these comments until August 9, 2013—almost seven months later and two weeks before the scheduled trial.  If Adams believed that the comments reflected bias, he should have timely sought disqualification.  *See In re Disqualification of Corrigan*, 91 Ohio St.3d 1210, 1210-1211, 741 N.E.2d 137 (2000) (affiant waived objections to judge when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and affiant filed "less than three weeks before the scheduled trial").

{¶ 5}   Notwithstanding his delay, Adams also waived these claims by not including the transcript with his previous affidavits of disqualification.  *See, e.g.*, *In re Disqualification of Forchione*, 134 Ohio St.3d 1235, 2012-Ohio-6303, 983 N.E.2d 356, ¶ 14 (an affiant's failure to assert allegations in an original affidavit resulted in waiver of the allegations raised in an amended affidavit).  If Adams believed the complained-of comments demonstrated bias, he had the opportunity to identify the comments and submit the transcript with his previous affidavits. Adams's characterization of the transcript as rebuttal evidence to statements by Judge Sheward in the previous cases is unconvincing.  In his previous affidavits,

Adams claimed that Judge Sheward made "personal attacks" against him, but the affidavits were denied, in part, because Adams failed to submit specific examples with supporting evidence, as R.C. 2701.03 requires. *In re Disqualification of Sheward,* 136 Ohio St.3d 1239, 2013-Ohio-3488, 993 N.E.2d 764. He cannot now remedy this failure by attempting to introduce the transcript in rebuttal. As nothing in the record justifies Adams's delay in filing the affidavit or his failure to include the transcript in his previous affidavits, Adams has waived the right to disqualify Judge Sheward based on comments at the January 2013 hearing. To allow such allegations now—on the eve of trial—would hamper the orderly administration of judicial proceedings.

{¶ 6} Even if Adams has not waived these claims, his new affidavit is deficient in another respect: he failed to properly substantiate his allegations of bias. His affidavit quotes two portions of the January 2013 hearing transcript, and he submitted the entire 59-page transcript as an exhibit. However, Adams did not provide page references for the quoted portions. Pinpoint citations to the transcript are required so that the allegedly prejudicial comments may be read in context. Again, Adams had the burden not only to identify specific allegations of bias but also to ensure that these allegations could be verified by the record. *See, e.g.*, *In re Disqualification of Forchione* at ¶ 30 ("It is not the chief justice's job * * * to sift through hundreds of pages of transcript to find support for [affiant's] allegations or to speculate what conduct he considers hostile"). Adams failed to carry that burden here.

### Adams's sworn rebuttal letters and other arguments

{¶ 7} Adams's three rebuttal letters from his previous cases are insufficient to warrant disqualification. As an initial matter, Adams could have submitted the rebuttal letters—under oath—in the previous proceedings; he therefore forfeited the ability to submit them now. More important, two of the letters were irrelevant to the previous proceedings, as the letters attempted to

rebut allegations from an unsworn letter submitted by Adams's former counsel. And nothing in the third rebuttal letter establishes that Judge Sheward has a personal bias against Adams. For example, Adams claims that no other judge in Franklin County would have excluded Adams's witnesses merely because his attorney missed a filing deadline. But it is well settled that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice" and therefore are not grounds for disqualification. *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. The remedy for Adams's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *See In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 8} Similarly, none of Adams's remaining arguments demonstrates that his previous affidavits of disqualification were wrongly decided. Adams's attempt to reargue the merits of those cases is not well taken.

## Conclusion

{¶ 9} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case. Moreover, "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze*, 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Judge Sheward has presided over these cases for a lengthy time period, and Adams has not conclusively established that any "extraordinary circumstances" exist here.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Sheward.

———————————————