IN RE DISQUALIFICATION OF RAMSEY.

IN RE T.D.J.

[Cite as *In re Disqualification of Ramsey,* 138 Ohio St.3d 1296,

2014-Ohio-1813.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Proceeding pro se does not excuse the failure to timely set forth and substantiate allegations of bias—Request for removal denied.*

(No. 14-AP-012—Decided March 19, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common

Pleas, Juvenile Division, Case No. CU09113269.

_____

**O'CONNOR, C.J.**

{¶ 1} Sharon M. Johnson, the mother of the minor child in the underlying child-custody case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Donald L. Ramsey, a retired judge sitting by assignment, from presiding over any further proceedings in case No. CU09113269 in the Juvenile Division of the Court of Common Pleas of Cuyahoga County. The case is pending on a motion to declare Johnson a vexatious litigator.

{¶ 2} This is the second affidavit of disqualification that Johnson has filed against Judge Ramsey in this case. Her previous affidavit was denied by entry dated October 19, 2012.

{¶ 3} In her present affidavit, Johnson claims for a variety of reasons that Judge Ramsey is biased and prejudiced against her. She alleges that he has ignored her evidence, failed to read her motions, refused to allow her to be heard at hearings, threatened to hold her in contempt, ignored the contemptuous

behavior of the father and the professional misconduct of the father's attorney, showed preference for Johnson's former court-appointed attorneys over Johnson, and "mocked" and "belittle[d]" her.

{¶ 4} Judge Ramsey has responded in writing to Johnson's affidavit, denying any bias or prejudice against any party or attorney in the underlying case. Judge Ramsey further states that all of his decisions have been based on his interpretation of the facts and law.

{¶ 5} For the reasons explained below, no basis has been established to order the disqualification of Judge Ramsey.

{¶ 6} First, Johnson has waived the right to object to Judge Ramsey based on conduct occurring before September 26, 2012, the date she filed her first affidavit of disqualification. If Johnson believed that the judge's complained-of conduct prior to September 26, 2012, demonstrated bias, she had the opportunity to identify and substantiate those allegations in her first affidavit. Johnson asserts that she did not include all of the relevant evidence against Judge Ramsey in her previous affidavit because she lacked legal knowledge of the proper procedures. But the fact that Johnson is proceeding pro se does not excuse her failure to timely set forth and substantiate her allegations. Moreover, Johnson has failed to sufficiently explain why she waited so long to assert these claims in a second affidavit. *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996) ("An affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias and prejudice occurred or affiant becomes aware of circumstances that support disqualification"). As nothing in the record justifies Johnson's failure to include these claims in her previous affidavit, she has waived the right to disqualify the judge based on conduct occurring before September 26, 2012. *See In re Disqualification of Sheward*, 136 Ohio St.3d 1262, 2013-Ohio-4244, 995 N.E.2d 1201, ¶ 5.

**{¶ 7}** Second, even if Johnson had not waived some of her claims, her complaints about Judge Ramsey's legal and evidentiary rulings in the underlying case are not grounds for disqualification. Contrary to Johnson's contention, an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's disagreement or dissatisfaction with a court's rulings—even if those rulings are erroneous—does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for Johnson's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 8}** Finally, Johnson's allegations that the judge has "mocked," "belittle[d]," and "degrade[d]" her are not borne out by the record. In affidavit-of-disqualification proceedings, "[t]he term 'bias or prejudice' implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). A review of the judge's comments identified by Johnson in her affidavit does not suggest a hostile feeling toward her or the formation of a fixed anticipatory judgment warranting the judge's disqualification from the underlying case.

**{¶ 9}** "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241,

2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.   Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Ramsey.

—————————————