IN RE DISQUALIFICATION OF JENNINGS.

STACHURA v. TOLEDO.

[Cite as *In re Disqualification of Jennings,*
143 Ohio St.3d 1225, 2014-Ohio-5866.]

(No. 14–AP–058—Decided September 8, 2014.)

O'CONNOR, C.J.

{¶ 1} Terry J. Lodge, counsel for plaintiffs, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Linda Jennings from presiding over any further proceedings in case No. G–4801–CI–200506445–000, now pending for trial in the Lucas County Court of Common Pleas.

{¶ 2} Lodge claims that Judge Jennings has a conflict of interest because during the pendency of this action, the judge's husband was employed by the city of Toledo law department, which represents the defendants. Lodge also asserts that Judge Jennings failed to disclose that conflict. In addition, Lodge believes that Judge Jennings created an appearance of bias by giving the parties a "false choice" of either conducting the scheduled two-week trial in front of her—despite Lodge's belief that she has a conflict—or in front of a visiting judge who is available for only one week, which Lodge believes will unreasonably cut short the time needed for trial.

{¶ 3} Judge Jennings has responded in writing to Lodge's affidavit, denying that she has any conflict in the underlying case. Judge Jennings acknowledges that her husband was employed by the city law department during the pendency of this gender-discrimination case, but she further states that her husband was assigned to the public-utilities section, which was housed in a separate building from the other attorneys in the law department. In addition, Judge Jennings explains that during most of her husband's almost 15–month tenure with the law department, she had no contact with the parties in the underlying case because the matter was stayed due to an interlocutory appeal.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Jennings.

{¶ 5} First, the fact that the judge's husband was employed by the city law department does not, by itself, create a conflict of interest for Judge Jennings. The judge has averred that her husband did not participate in the underlying case and had no interest in it. It is well established that a spousal relationship between a judge and a government attorney who is not involved in the case before the judge does not automatically warrant disqualification. *See In re Disqualification of Carr,* 105 Ohio St.3d 1233, 2004-Ohio-7357, 826 N.E.2d 294, ¶ 17 ("Where a judge is married to a prosecutor whose office is representing the state in a case before him or her, disqualification of the judge is not required, as long as the judge's spouse has neither entered an appearance in the case nor

participated in the preparation or presentation of the case"); *In re Disqualification of Bates,* 134 Ohio St.3d 1249, 2012-Ohio-6342, 984 N.E.2d 17, ¶ 9 (denying affidavit of disqualification when the affiant had not offered any evidence that the judge's spouse, who was also the county prosecutor, had participated in the preparation or presentation of the underlying case). The same rationale as in *Carr* and *Bates* applies here.

{¶ 6} Second, comment 5 to Jud.Cond.R. 2.11 provides that "[a] judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification." The record here shows that during most of the 15–month period in which the judge's husband was employed by the law department, the underlying case was stayed and Judge Jennings had no contact with the parties. However, it appears that Judge Jennings held one pretrial conference after the stay was lifted and while her husband remained employed with the law department. Pursuant to comment 5 to Jud.Cond.R. 2.11, the judge should have disclosed her husband's employment to the parties at that time. Nonetheless, under these circumstances, the judge's failure to disclose the relationship cannot be described as a product of bias warranting her removal from the underlying case. *See e.g., In re Jacobs,* 802 N.W.2d 748, 754 (Minn.2011) ("The rule places a good deal of discretion with the judge to determine when additional information should be disclosed. A failure to disclose is not likely to create an appearance of partiality where, as here, the fact of [the judge's] spouse's employment does not require disqualification").

{¶ 7} Third, the fact that Judge Jennings gave the parties the option of proceeding before her or a visiting judge did not create an appearance of partiality. Lodge characterizes the judge's offer as a "false choice which was not made in good faith." But Judge Jennings explains that she gave the parties the option as a good-faith attempt to "alleviate any of Lodge's concerns while still keeping the scheduled trial date." "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Because Judge Jennings has no conflict from hearing the case, her offer to the parties was not a "false choice." Based on this record, the objective observer would not question the judge's impartiality.

{¶ 8} Finally, it has long been held that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze,* 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Judge Jennings has presided over this

litigation since 2007, and Lodge has not established that extraordinary circumstances exist warranting her disqualification.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Jennings.