IN RE DISQUALIFICATION OF CELEBREZZE.

TADROSS *v.* TADROSS.

[Cite as *In re Disqualification of Celebrezze,*
145 Ohio St.3d 1242, 2015-Ohio-5672.]

(No. 15–AP–099—Decided December 17, 2015.)

O'CONNOR, C.J.

{¶ 1} Alan M. Medvick, counsel for defendant Maryan Ikladious, a.k.a. Maryan Tadross, and third-party defendant Fady Ikladious, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Leslie Ann Celebrezze from presiding over any further proceedings in the above-captioned divorce case.

{¶ 2} Medvick claims that Judge Celebrezze is biased against his clients because Maryan Ikladious has refused to return to the United States from Egypt and appear in the underlying case. To support his claim, Medvick asserts that Judge Celebrezze has issued "numerous rulings contrary to law." Medvick also claims that an appearance of impropriety exists because the judge's brother is an attorney with the law firm representing the plaintiff.

{¶ 3} Judge Celebrezze has responded in writing to the affidavit, denying any bias against Medvick's clients and explaining the reasoning behind some of her legal decisions. The judge also submitted an affidavit from her brother, Nicholas Celebrezze, in which he avers that he joined his present law firm in August 2015; his status in the firm is "of counsel," meaning that he is not an equity partner and

does not share in the firm's profits; he is not involved in the underlying case; he has never discussed the case with his two colleagues representing the plaintiff; he was not aware of the case until he was informed of the affidavit of disqualification; and he has never discussed the case with his sister. Judge Celebrezze adds that she had presided over the underlying matter for 18 months before her brother joined the law firm. Based on these facts, the judge concludes that her brother's affiliation with the law firm does not warrant her disqualification.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Celebrezze.

{¶ 5} First, an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Medvick appears to complain about legal rulings made by the judge in September 2014 and January 2015. Yet he did not file his affidavit of disqualification until November 16, 2015—exactly seven days before a show-cause hearing involving one of his clients. Additionally, Medvick has failed to indicate when he learned that the judge's brother was affiliated with the law firm representing the plaintiff. As nothing in the record justifies the delay in filing the affidavit, Medvick has waived the right to disqualify Judge Celebrezze based on these allegations. *See In re Disqualification of Corrigan*, 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and the affidavit was filed "less than three weeks before the scheduled trial").

{¶ 6} Second, even if Medvick had not waived these bias claims, he has not set forth sufficient grounds for disqualification. It is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Thus, Medvick's disagreement or dissatisfaction with Judge Celebrezze's legal rulings does not supply the necessary evidentiary showing to mandate disqualification.

{¶ 7} As to the alleged appearance of impropriety regarding the judge's brother, Jud.Cond.R. 2.11(A)(2)(b) requires that a judge remove himself or herself from a case in which a person within the third degree of relationship to the judge is "[a]cting as a lawyer in the proceeding." The comments to the rule clarify that "[t]he fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge"

*unless* the judge's impartiality might reasonably be questioned or the relative is known by the judge to have "an interest in the law firm that could be substantially affected by the proceeding." *See* Jud.Cond.R. 2.11, comment [4]. Here, the judge's brother is a nonequity attorney in the firm representing the plaintiff, and he does not share in the firm's profits. Moreover, he has had no involvement in the underlying divorce case, and he was not affiliated with the law firm when Judge Celebrezze made the alleged biased rulings in September 2014 and January 2015. Under these circumstances, there is no reason to believe that the judge's brother has an interest in the firm that could be "substantially affected" by the outcome of the underlying case, and there is no other reason to question Judge Celebrezze's impartiality. Accordingly, disqualification is not warranted. *See also* Garwin, Libby, Maher & Rendleman, *Annotated Model Code of Judicial Conduct*, 251 (2d Ed.2011) (citing a "number of jurisdictions" holding that disqualification is not necessary when a relative is a nonequity associate in a firm that is counsel of record in a case before the judge because the judge's decision could have only a minimal impact on the amount of money flowing to the associate).

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Celebrezze.