O'Connor, C.J.
*1208 {¶ 1} Matthew J. Hammer has filed seven affidavits pursuant to R.C. 2701.03 seeking to disqualify Judge Mark R. Schweikert, a retired judge sitting by assignment, from the cases listed in Exhibit A to Mr. Hammer's affidavits. Mr. Hammer represents the plaintiffs in those cases, who have sued Dr. Abubakar Atiq Durrani and various hospitals for medical malpractice. Mr. Hammer also requests the recusal of the chief justice from deciding his affidavits of disqualification and from hearing or making rulings in any of the underlying cases.
{¶ 2} Mr. Hammer alleges that Judge Schweikert should be removed because he is biased against the plaintiffs and their legal claims. Judge Schweikert has responded in writing to the affidavits and denies any such bias. For the reasons explained below, no basis has been established to order the disqualification of Judge Schweikert.
{¶ 3} Mr. Hammer's various arguments can be grouped into four general categories. First, Mr. Hammer asserts that Judge Schweikert is biased against the plaintiffs based on his legal rulings and scheduling orders. For example, Mr. Hammer alleges that Judge Schweikert's recent decisions interpreting the medical statute of repose and refusing to allow some plaintiffs to amend their complaints were "outrageously wrong" and that there is a "maxim" that "[h]ow a Court rules on a legal issue is reflective of a Court's bias and prejudice IF the ruling is outrageously wrong." (Capitalization sic.) Mr. Hammer also characterizes Judge Schweikert's scheduling of trials as "non-sensical," and he believes that the judge has failed to properly impose discovery sanctions on the defendants.
{¶ 4} It is well established, however, that
affidavits of disqualification cannot be used to remove a judge from a case simply because a party is particularly unhappy about a court ruling or a series of rulings. "Procedures exist [ ]by which appellate courts may review-and, if necessary, correct-rulings made by trial courts." [ In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713] ¶ 6. However, reviewing legal errors is not the role of the chief justice in deciding affidavits of disqualification, and "neither a party's disagreement with a judge's determination, nor its dissatisfaction with a particular result, can supply the evidentiary showing needed to so reflect *4 upon a judge's partiality as to mandate judicial disqualification." Flamm, Judicial Disqualification , Section 16.2, 445-446 (2d Ed.2007).
*1209 In re Disqualification of D'Apolito , 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5. Accordingly, this is not the appropriate forum to determine whether Judge Schweikert correctly applied the statute of repose or whether he should have, as Mr. Hammer claims, imposed discovery sanctions. And neither Mr. Hammer's disagreement with the judge's rulings nor his dissatisfaction with the judge's scheduling orders provide adequate grounds for disqualification.
{¶ 5} Second, Mr. Hammer alleges that Judge Schweikert is somehow "collaborating" with the chief justice on how to decide trial issues. Primarily, Mr. Hammer suggests that Judge Schweikert is operating under instructions to dismiss the underlying cases as quickly as possible-or, as Mr. Hammer repeatedly submits, to "take a machete to the cases." In response, Judge Schweikert denies receiving instructions from anyone, including the chief justice, on how to decide the issues presented in the underlying cases.
{¶ 6} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. As opposed to conjecture and rumor, Mr. Hammer has not offered any compelling evidence to support his claims here. "Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice." In re Disqualification of Flanagan , 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.
{¶ 7} Third, Mr. Hammer claims that for numerous reasons, Judge Schweikert will have a conflict of interest if he continues presiding over the underlying cases. For example, Mr. Hammer asserts that Judge Schweikert's wife is or was a nurse, which creates a conflict in these medical-malpractice cases. Mr. Hammer also points to the fact that two assistant prosecutors briefly represented Judge Schweikert in a related federal case initiated by Mr. Hammer. That representation created a conflict, Mr. Hammer argues, because the Hamilton County Prosecuting Attorney was personally involved in the underlying cases on behalf of the plaintiffs. In response, Judge Schweikert thoroughly addressed each of these allegations. For instance, the judge notes that his wife has been retired for approximately ten years and that, to his knowledge, she did not have any relationships with the parties in these cases. And Judge Schweikert explained the circumstances that led the prosecutor's office to briefly represent him and then retain outside counsel to complete the representation-which had nothing to do with Judge Schweikert.
{¶ 8} Mr. Hammer's allegations do not establish the existence of bias or an appearance of bias. In disqualification requests, "[t]he term 'bias or prejudice'
*1210 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *5 State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). And a judge will be disqualified to avoid an appearance of impropriety "if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Mr. Hammer has not established that Judge Schweikert has hostility toward the plaintiffs combined with a fixed anticipatory judgment on any of the issues in the cases. Further, based on the record here, no reasonable or objective observer would have reason to question Judge Schweikert's impartiality.
{¶ 9} Finally, Mr. Hammer sets forth numerous criticisms of the justice system, prior judges who presided over the underlying cases, and the discovery tactics of the defendants and their counsel. An affidavit of disqualification, however, "addresses the narrow issue of the possible bias or prejudice of a judge." In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Mr. Hammer's complaints about the court system, other judges, and defense counsel are outside the scope of this proceeding.
{¶ 10} The affidavits of disqualification are denied. The cases may proceed before Judge Schweikert.