O'Connor, C.J.
*1273 {¶ 1} In December 2017 and January 2018, Matthew J. Hammer filed seven affidavits pursuant to R.C. 2701.03 seeking to disqualify Judge Mark R. Schweikert, *1274 a retired judge sitting by assignment, from the cases listed in Exhibit A to Mr. Hammer's affidavits. Mr. Hammer represents the plaintiffs in those cases, who have sued Dr. Abubakar Atiq Durrani and various hospitals for medical malpractice. Mr. Hammer's affidavits were denied in an entry dated February 5, 2018. 155 Ohio St.3d 1207, 2018-Ohio-5255, 120 N.E.3d 3. He has since filed five additional affidavits-which he characterizes as his "Eighth," "Ninth," "Amended Ninth,"[1] "Tenth," and "Eleventh" affidavits of disqualification.
{¶ 2} Upon careful review of all the allegations asserted in Mr. Hammer's pending affidavits, he has failed to establish any basis to order the disqualification of Judge Schweikert.
The ninth affidavit
{¶ 3} Mr. Hammer's ninth affidavit raises one new substantive allegation of bias. Mr. Hammer avers that Judge Schweikert's impartiality might reasonably be questioned based on the judge's prior service as executive director of the Ohio Judicial Conference. Specifically, Mr. Hammer cites Jud.Cond.R. 2.11(A)(7)(b), which requires a judge to disqualify himself or herself if
[t]he judge served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the particular matter, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy.
{¶ 4} Mr. Hammer alleges that the General Assembly amended R.C. 2305.113, the statute of repose for medical claims, and R.C. 2305.19, the saving statute, during Judge Schweikert's tenure at the Ohio Judicial Conference and that the judge, in his role as executive director, participated in the legislative processes amending those statutes. To support this allegation, Mr. Hammer points to a 2014 report of an Ohio Judicial Conference committee that projected the impact of then-pending legislation on medical-malpractice claims. Mr. Hammer further states that Judge Schweikert *389 recently dismissed some of the underlying medical-malpractice cases based on the judge's interpretation of R.C. 2305.113 and 2305.19. Thus, Mr. Hammer concludes that Jud.Cond.R. 2.11(A)(7)(b) requires Judge Schweikert's disqualification because during the judge's prior governmental service, he participated in the legislative process relating to the statutes at issue in the underlying cases and-through the 2014 committee report-expressed an opinion concerning those statutes. *1275 {¶ 5} Upon request, Judge Schweikert submitted a written response to the allegations in Mr. Hammer's ninth affidavit. The judge acknowledges that he served as the executive director of the Ohio Judicial Conference from 2006 to 2016 and that, in general, the conference provided advice to the General Assembly on the likely impact to the judicial system of various legislative proposals. Judge Schweikert denies, however, that he personally participated in drafting or interpreting the two statutes referred to in Mr. Hammer's affidavit while employed by the conference. The judge further states that he was not aware of the circumstances surrounding the underlying cases when he worked for the conference and that the 2014 committee report originated with the co-chairpersons of that committee-not the judge.
{¶ 6} Based on this record, Mr. Hammer has not demonstrated that Judge Schweikert's prior service at the Ohio Judicial Conference requires his disqualification. Jud.Cond.R. 2.11(A)(7)(b) requires a judge to disqualify himself or herself from any "particular matter" in which he or she (1) personally and substantially participated as a government lawyer or official or (2) publicly expressed an opinion "concerning the merits of the particular matter in controversy" during his or her prior governmental employment. Here, the "particular matter" refers to the underlying medical-malpractice cases, and there is no evidence that Judge Schweikert, while serving at the Ohio Judicial Conference, acted as a lawyer in the underlying cases or publicly expressed an opinion on the merits of those cases. The fact that the legislature amended statutes relevant to medical-malpractice claims during the period that Judge Schweikert served as the executive director of the Ohio Judicial Conference does not require his disqualification under Jud.Cond.R. 2.11(A)(7)(b). Nor does the 2014 committee report on pending legislation equate to Judge Schweikert's giving an "opinion concerning the merits" of the underlying cases. Mr. Hammer's ninth affidavit is not well taken.
The eighth, tenth, and eleventh affidavits
{¶ 7} Mr. Hammer's eighth and tenth affidavits include allegations that are either facially insufficient to support disqualification or repetitive of the claims asserted in his previous affidavits that were thoroughly reviewed and rejected. For example, Mr. Hammer continues to argue that Judge Schweikert has ignored relevant law and therefore must be biased against the plaintiffs. But as previously explained, "affidavits of disqualification cannot be used to remove a judge from a case simply because a party is particularly unhappy about a court ruling or a series of rulings." In re Disqualification of D'Apolito , 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5.
{¶ 8} Mr. Hammer also raises repetitive allegations in his eleventh affidavit. Mr. Hammer was previously advised that R.C. 2701.03"addresses the narrow *1276 issue of the possible bias or prejudice of a judge," In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4, and that therefore, complaints about the justice system or opposing *390 counsel are outside the scope of this proceeding. But in his eleventh affidavit, Mr. Hammer again offers criticisms of opposing counsel. Mr. Hammer also has submitted excerpts from a hearing transcript, apparently in an effort to prove that opposing counsel had somehow mistreated him and that Judge Schweikert had failed to correct counsel's behavior. Mr. Hammer, however, fails to identify the date of the hearing, and he has submitted only three pages of the transcript, with no other context. The three pages alone do not prove that Judge Schweikert is biased against the plaintiffs.
{¶ 9} Considering that this is Mr. Hammer's eleventh meritless affidavit of disqualification, it must be noted that without reasonable justification, he may not continue to raise new allegations of bias based on conduct occurring before the filing of his first affidavit of disqualification. It is well established that "[a]n affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and the failure to do so may result in waiver of the objection. In re Disqualification of O'Grady , 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. In re Disqualification of Capper , 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. If Mr. Hammer believed that Judge Schweikert's conduct at the hearing referred to in his eleventh affidavit demonstrated bias, he should have included the allegation in his first affidavit. As nothing in the record justifies his delay, he has waived the statutory right to disqualify Judge Schweikert by not raising the allegation in his earlier affidavits. See In re Disqualification of Forchione , 134 Ohio St.3d 1235, 2012-Ohio-6303, 983 N.E.2d 356, ¶ 14 (an affiant's failure to assert allegations in an original affidavit resulted in waiver of the allegations raised in an amended affidavit); accord In re Disqualification of Sheward , 136 Ohio St.3d 1262, 2013-Ohio-4244, 995 N.E.2d 1201, ¶ 5. To allow such affidavits to continue would hamper the orderly administration of judicial proceedings.
Conclusion
{¶ 10} For the reasons explained above, the pending affidavits of disqualification are denied. Mr. Hammer and his associates are advised that the statutory right to seek disqualification of a judge is an extraordinary remedy and that the filing of frivolous, unsubstantiated, or repeated affidavits of disqualification is contrary to the purpose of R.C. 2701.03 and a waste of judicial resources.

Mr. Hammer's amended ninth affidavit is substantially similar to the original but includes an additional exhibit.