O'Connor, C.J.
*1212 {¶ 1} In December 2017 and January 2018, Matthew J. Hammer filed seven affidavits pursuant to R.C. 2701.03 seeking to disqualify Judge Mark R. Schweikert, a retired judge sitting by assignment, from the cases listed in Exhibit A to Mr. Hammer's affidavits. Mr. Hammer represented the plaintiffs in those cases, in which Dr. Abubakar Atiq Durrani and various hospitals have been sued for medical malpractice. Mr. Hammer's first seven affidavits were denied in a decision dated February 5, 2018. 155 Ohio St.3d 1207, 2018-Ohio-5255, 120 N.E.3d 3. Mr. Hammer later filed five additional affidavits-which he referred to as his "Eighth," "Ninth," "Amended Ninth," "Tenth," and "Eleventh" affidavits of disqualification. Those affidavits were denied in a decision dated February 22, 2018. --- Ohio St.3d ----, 2018-Ohio-5415, --- N.E.3d ----.
{¶ 2} Frederick Johnson, another attorney in the law firm representing the plaintiffs in the underlying cases, has since filed what he refers to as the "Twelfth," "Thirteenth," and "Fourteenth" affidavits of disqualification. After careful review of all the *7 allegations asserted in those affidavits, it has been determined that Mr. Johnson has failed to establish any basis to order the disqualification of Judge Schweikert.
{¶ 3} With one exception, the allegations raised by Mr. Johnson were considered and rejected after Mr. Hammer raised them in his affidavits. For example, Mr. Johnson again questions Judge Schweikert's impartiality based on the judge's former role as executive director of the Ohio Judicial Conference. Specifically, Mr. Johnson asserts that during Judge Schweikert's tenure at the conference, the General Assembly amended statutes that are relevant to the underlying medical-malpractice cases, which would somehow lead a reasonable person to question the ability of Judge Schweikert to fairly hear those cases. But this court and federal courts have noted that " 'a judge is not automatically disqualified from a case on the basis of having sponsored or voted upon a law in *1213 the state legislature that he is later called upon to review as a judge.' " State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs. , 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 16, quoting Buell v. Mitchell , 274 F.3d 337, 346 (6th Cir.2001), citing Leaman v. Ohio Dept. of Mental Retardation , 825 F.2d 946, 949-950 (6th Cir.1987), and fn. 1. If judges are not disqualified from hearing cases involving legislation that they voted on or drafted before serving on the bench, then there is no basis to question Judge Schweikert's impartiality merely because he served as director of an agency that may have conducted legislative activities relating to statutes that are now before the judge-especially when there are no allegations that Judge Schweikert personally participated in any legislative activities connected to the underlying medical-malpractices cases. Indeed, Judge Schweikert previously indicated that he was not aware of the cases when he worked for the judicial conference.
{¶ 4} Mr. Johnson also repeats Mr. Hammer's prior assertion that Judge Schweikert is biased against the plaintiffs because the judge failed to separately respond to some of the allegations in Mr. Hammer's prior affidavits. Judge Schweikert, however, properly responded to each affidavit to which he was requested to submit a response. And Mr. Johnson has failed to cite any authority requiring the judge to respond to repetitive, frivolous, or unsubstantiated hearsay allegations of an affidavit of disqualification. See, e.g. , In re Disqualification of Walker , 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice"); In re Disqualification of Flanagan , 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice").
{¶ 5} Finally, in Mr. Johnson's one new allegation, he asserts that Judge Schweikert recently referred one of the underlying cases to mediation, which "violates the entire Affidavit of Disqualification process" and "reflects [his] bias and prejudice." Mr. Johnson, however, misreads the affidavit-of-disqualification statute. Pursuant to R.C. 2701.03(D)(1), if the clerk of this court accepts an affidavit of disqualification for filing, "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court * * * rules on the affidavit." However, there are statutory exceptions to this prohibition. Most relevant here, R.C. 2701.03(D)(4) provides that if, after the chief justice denies an affidavit of disqualification,
*8 a second or subsequent affidavit of disqualification regarding the same judge and the same proceeding is filed by the same party who filed or on whose behalf was filed the affidavit that was denied or by counsel for the same party *1214 who filed or on whose behalf was filed the affidavit that was denied, the judge against whom the second or subsequent affidavit is filed may preside in the proceeding prior to the ruling of the chief justice of the supreme court * * * on the second or subsequent affidavit.
Because Mr. Hammer's affidavits were previously denied, Judge Schweikert "may preside in the proceeding prior to the ruling of the chief justice" on the subsequent affidavits that Mr. Johnson has filed. Therefore, Judge Schweikert's decision to hear and decide matters before him-despite the pendency of the subsequent affidavits-does not violate the statutory disqualification process or reflect bias or prejudice.
{¶ 6} For these reasons, Mr. Johnson's "Twelfth," "Thirteenth," and "Fourteenth" affidavits are denied.