O'Connor, C.J.
*1214 {¶ 1} Frederick Johnson and four individual plaintiffs have filed affidavits pursuant to R.C. 2701.03 seeking to disqualify Judge Mark R. Schweikert, a retired judge sitting by assignment, from the cases listed in Exhibit A to the affidavits. Mr. Johnson represents the plaintiffs in medical-malpractice actions filed against Dr. Abubakar Atiq Durrani and various hospitals. Mr. Johnson and his former colleague, Matthew J. Hammer, previously filed 14 affidavits seeking to disqualify Judge Schweikert from these same proceedings. Those affidavits were denied in entries dated February 5, 2018 (denying Mr. Hammer's first seven 7 affidavits), 155 Ohio St.3d 1207, 2018-Ohio-5255, 120 N.E.3d 3, February 22, 2018 (denying what Mr. Hammer referred to as his 8th, 9th, *1215 amended 9th, 10th, and 11th affidavits), --- Ohio St.3d ----, 2018-Ohio-5415, --- N.E.3d ----, and March 6, 2018 (denying what Mr. Johnson referred to as the 12th, 13th, and 14th affidavits filed by the plaintiffs' counsel), 155 Ohio St.3d 1212, 2018-Ohio-5416, 120 N.E.3d 6.
{¶ 2} Mr. Johnson has filed a 15th affidavit of disqualification, and plaintiffs Christina Rutter, Tammy E. Mann, Kevin S. Hunley, and Tammy Hughes have each submitted an affidavit seeking to remove Judge Schweikert. (Although the plaintiffs did not identify themselves as parties in their affidavits, they are each listed as a plaintiff in Exhibit A. Ms. Rutter is a plaintiff in Hamilton County Common Pleas case No. A1402941. Ms. Mann is a plaintiff in Hamilton County Common Pleas case No. A1302870. Mr. Hunley is a plaintiff in Hamilton County Common Pleas *9 case No. A1503649. And Ms. Hughes is a plaintiff in Hamilton County Common Pleas case No. A1506960.)
{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Schweikert.
The 15th affidavit filed by the plaintiffs' counsel
{¶ 4} Mr. Johnson first asserts that Judge Schweikert recently released a series of decisions during the pendency of the 12th and 13th affidavits of disqualification filed by the plaintiffs' counsel and after Mr. Johnson filed a federal lawsuit against the chief justice. Mr. Johnson asserts-without citing any supporting legal authority-that Judge Schweikert's actions were "unlawful" and "reflect his bias and prejudice" and that the judge ignored the plaintiffs' arguments in his recent decisions.
{¶ 5} As previously explained to Mr. Johnson, R.C. 2701.03(D)(4) provides that a trial judge may preside in a proceeding, despite the pendency of additional affidavits of disqualification, if the chief justice previously denied an affidavit filed by the same party-or counsel for the same party-against the same judge in the same proceeding. Thus, Judge Schweikert's actions were not "unlawful" under R.C. 2701.03. Moreover, an attorney's "disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification." In re Disqualification of Donofrio , 135 Ohio St.3d 1253, 2012-Ohio-6338, 986 N.E.2d 13, ¶ 4 ; accord In re Disqualification of Light , 36 Ohio St.3d 604, 522 N.E.2d 458 (1988) ("alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification"). If Mr. Johnson disagrees with Judge Schweikert's recent decisions, he can challenge them on appeal. However, he has not established that the decisions were the product of bias against the plaintiffs.
{¶ 6} Mr. Johnson also claims that in his federal action, he served Judge Schweikert with a subpoena, which "will cause even more bias." But just as "a *1216 judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against that judge," In re Disqualification of Pokorny , 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 993, ¶ 4, a judge will not be disqualified because a litigant attempted to serve a subpoena on the judge. Further, a judge cannot be driven out of a case. Donofrio at ¶ 7. Judges are "presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Nothing in the record suggests that Mr. Johnson's conduct in the federal case has affected or would affect Judge Schweikert's actions in the underlying proceedings. Accordingly, the fact that Mr. Johnson served a subpoena on Judge Schweikert is not sufficient to warrant the judge's removal.
The plaintiffs' affidavits
{¶ 7} The plaintiffs' affidavits are almost identical to the affidavits previously filed by their counsel. Specifically, Ms. Rutter raises the same allegations as those set forth in counsel's 12th affidavit. Ms. Mann's affidavit is almost identical to counsel's 13th affidavit. Mr. Hunley's affidavit is almost identical to counsel's 14th affidavit. And Ms. Hughes's allegations are the same as those set forth in counsel's 15th affidavit. Thus, the plaintiffs' allegations here have been thoroughly considered, reviewed, and rejected.
*10 {¶ 8} For these reasons, Mr. Johnson's 15th affidavit and the plaintiffs' affidavits are denied.