O'Connor, C.J.
*1220 {¶ 1} Frederick Johnson has filed two additional affidavits pursuant to R.C. 2701.03 seeking to disqualify Judge Mark R. Schweikert, a retired judge sitting by assignment, from the cases listed in Exhibit A to the affidavits. Mr. Johnson represents *13 the plaintiffs in medical-malpractice actions against Dr. Abubakar Atiq Durrani and various hospitals. Mr. Johnson and his former colleague, Matthew J. Hammer, previously filed 15 affidavits to disqualify Judge Schweikert from these same proceedings; four individual plaintiffs also filed affidavits to disqualify the judge. Those affidavits were denied in entries dated February 5, 2018 (denying Mr. Hammer's first 7 affidavits), 155 Ohio St.3d 1207, 2018-Ohio-5255, 120 N.E.3d 3, February 22, 2018 (denying what Mr. Hammer referred to as his 8th, 9th, amended 9th, 10th, and 11th affidavits), --- Ohio St.3d ----, 2018-Ohio-5415, --- N.E.3d ----, March 6, 2018 (denying what Mr. Johnson referred to as the 12th, 13th, and 14th affidavits filed by the plaintiffs' counsel), 155 Ohio St.3d 1212, 2018-Ohio-5416, 120 N.E.3d 6, and March 8, 2018 (denying what Mr. Johnson referred to as counsel's 15th affidavit and denying the four plaintiffs' affidavits), 155 Ohio St.3d 1214, 2018-Ohio-5418, 120 N.E.3d 8.
{¶ 2} In the 16th and 17th affidavits filed by the plaintiffs' counsel, Mr. Johnson claims that he recently obtained public records from the Ohio Judicial Conference and that those records show that Judge Schweikert-while he served *1221 as executive director of the agency-was heavily involved in legislative activities relating to medical-malpractice statutes. Mr. Johnson therefore continues to assert that Jud.Cond.R. 2.11(A)(7)(b) requires the judge's disqualification. Mr. Johnson also claims that the documents contradict the judge's statements in his prior responses to affidavits of disqualification in which the judge described his role at the Ohio Judicial Conference.
{¶ 3} The records submitted by Mr. Johnson, however, do not prove that Judge Schweikert is biased against the plaintiffs or that any appearance of bias exists in the underlying cases. As previously explained, Jud.Cond.R. 2.11(A)(7)(b) does not require Judge Schweikert's removal from the underlying cases merely because the judge, prior to taking the bench, engaged in legislative activities relating to statutes that may be relevant in the underlying matters. See also State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs. , 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 16, quoting Buell v. Mitchell , 274 F.3d 337, 346 (6th Cir.2001) (" 'a judge is not automatically disqualified from a case on the basis of having sponsored or voted upon a law in the state legislature that he is later called upon to review as a judge' "). Nor do the additional records suggest that Judge Schweikert misrepresented the scope of his duties as executive director of the Ohio Judicial Conference.
{¶ 4} In counsel's 17th affidavit, Mr. Johnson also asserts that Judge Schweikert demonstrated bias at a March 2018 case-management conference. Specifically, Mr. Johnson criticizes the manner in which the judge scheduled trials, claims that the judge is forcing mediation on some plaintiffs, and criticizes the judge for allowing defendants to "supplement experts" after deposing plaintiffs' experts. But as previously explained to Mr. Johnson, "[a] party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification." In re Disqualification of Corrigall Jones , 135 Ohio St.3d 1224, 2012-Ohio-6308, 985 N.E.2d 503, ¶ 5. "Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling." Id.
*14 {¶ 5} For these reasons, the 16th and 17th affidavits filed by the plaintiffs' counsel are denied.