O'Connor, C.J.
*1204 {¶ 1} Benjamin Maraan has filed another affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Mark R. Schweikert, a *1205 retired judge sitting by assignment, from the cases identified in Exhibit A to Mr. Maraan's affidavit. Mr. Maraan represents the plaintiffs in medical-malpractice actions against Dr. Abubakar Atiq Durrani *1046 and various hospitals. Plaintiffs' counsel have previously filed 21 meritless affidavits of disqualification regarding the underlying cases. See 155 Ohio St.3d 1207, 2018-Ohio-5255, 120 N.E.3d 3 ; 155 Ohio St.3d 1273, 2018-Ohio-5415, 121 N.E.3d 388 ; 155 Ohio St.3d 1212, 2018-Ohio-5416, 120 N.E.3d 6 ; 155 Ohio St.3d 1214, 2018-Ohio-5418, 120 N.E.3d 8 ; 155 Ohio St.3d 1220, 2018-Ohio-5421, 120 N.E.3d 12 ; see also case Nos. 18-AP-065, 18-AP-073, 18-AP-089, and 18-AP-104.
{¶ 2} In the present affidavit, Mr. Maraan claims that Judge Schweikert is biased against the plaintiffs and their claims because Dinsmore & Shohl, L.L.P., one of the law firms representing some of the defendants, previously employed the judge's son and the judge failed to disclose that fact.
{¶ 3} Judge Schweikert has responded in writing to the affidavit and acknowledges that Dinsmore formerly employed his son. The judge further states, however, that when he was assigned to the underlying cases, his son was "long gone" from Dinsmore and that to the judge's knowledge, his son had no involvement in the underlying matters. Therefore, the judge states that "[i]t did not occur to [him] that [he] needed to disclose" that his son is a former Dinsmore associate. Judge Schweikert denies bias in favor of Dinsmore based on his son's former professional relationship with the firm and denies any bias against the plaintiffs.
{¶ 4} Jud.Cond.R. 2.11(A)(2)(b) requires that a judge remove himself or herself from a case in which a person within the third degree of relationship to the judge is "[a]cting as a lawyer in the proceeding." The comments to the rule further explain that "[t]he fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge" unless the judge's impartiality might reasonably be questioned or the relative is known by the judge to have "an interest in the law firm that could be substantially affected by the proceeding." Jud.Cond.R. 2.11, Comment 4. Applying this rule, the chief justice previously decided that a judge could remain on a case involving a law firm that employed the judge's brother as a nonequity attorney because there was no evidence that the judge's brother had worked on the case or that he would share in the firm's profits. See In re Disqualification of Celebrezze , 145 Ohio St.3d 1242, 2015-Ohio-5672, 49 N.E.3d 306, ¶ 7. The circumstances here are more attenuated than those in Celebrezze . Not only is there no allegation that Judge Schweikert's son was involved in the underlying cases while employed by Dinsmore, but the judge's son had left Dinsmore before Judge Schweikert was assigned to hear the cases. Based on this record, these is no reason to question Judge Schweikert's impartiality based on his son's prior employment.
*1206 {¶ 5} The comments to Jud.Cond.R. 2.11 also state that a "judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification." Jud.Cond.R. 2.11, Comment 5. Certainly, Judge Schweikert could have disclosed his son's former employment, but given the judge's response to the affidavit, his failure to do so cannot be described as a product of bias warranting his removal. See In re Disqualification of Jennings , 143 Ohio St.3d 1225, 2014-Ohio-5866, 35 N.E.3d 531, ¶ 6 (a judge's failure to disclose her spouse's professional relationship with counsel appearing before her did not require the judge's disqualification);
*1047 In re Disqualification of Serrott , 134 Ohio St.3d 1245, 2012-Ohio-6340, 984 N.E.2d 14, ¶ 8-14 (a judge's failure to disclose his prior professional relationship with an attorney appearing before him did not require the judge's disqualification).
{¶ 6} The affidavit of disqualification is denied.